[No. 6,748.—Department No. 1.]

## HINKLE ET AL. v. THE SAN FRANCISCO & NORTH PACIFIC RAILROAD COMPANY.

CONTRACT—VARIANCE.—The complaint alleged that the plaintiffs entered into a contract with the S. & M. R. R. Co. (afterward merged into and consolidated with the defendant) for the construction of a tunnel—the contract price to be paid upon estimates of the chief engineer; and that the engineer, by collusion with the company, and for the purpose of defrauding the plaintiffs, omitted certain work from his estimates. Upon the trial the plaintiffs offered to prove that he did extra work, on the promise of the engineer, (subsequently ratified by the president of the company) that they should be paid for it, as for similar work under the contract. *Held*, that as the plaintiffs had not sued for extra work, but for work done under the original contract, the evidence was not admissible.

ID.—INSTRUCTIONS.—The Court in effect instructed the jury that, if the estimates of the chief engineer were honestly made, they were conclusive, but the bill of exceptions did not contain the contract, or any of the evidence to which the instruction related. *Held*, that it could not be said that there was any error in the ruling.

IMPEACHMENT OF WITNESS—CHARACTER—EVIDENCE.—A witness, with a view to impeach him, was asked certain questions, (stated below) affecting his moral character. *Held*, that they were rightly ruled out.

APPEAL from an order granting a new trial, in the Twenty-second District Court, County of Sonoma. TEMPLE, J.

The rulings referred to in the opinion were as follows: The plaintiff moved the Court to instruct the jury that if they found that there was work done in excess of the estimates of the chief engineer, they should find for the plaintiff for the value of such excess at the contract price, and the Court modified the instruction by adding the following words: "provided that you find that the estimates of Zooks (the chief engineer) were false and fraudulent, but if they were honestly made they are conclusive, and you must find for the defendant."

The plaintiff also moved the Court to instruct the jury, that, even though they should believe from the evidence that a settlement was made between the parties and receipts passed, yet if they should also find that the estimates upon which the amount was ascertained were not correct, and that plaintiffs were misled or deceived by them, and settled under the mistaken belief that the estimates were correct, then that the plaintiffs were not bound by the settlement. But the Court refused to give the instruction.

On the trial—with a view to his impeachment—a witness of the defendant was asked the following questions:

"Q.—Were you the engineer of the railroad company, (referring to a railroad company not involved in the suit) receiving a salary from the company, and dividing the profits with the contractors at the same time?"

"Q.—Did you get $3,500 as a bribe from the contractors in that case?"

The first of which was objected to as not the proper mode of impeaching a witness, and the last as irrelevant and impertinent. Both questions were excluded.

*McAllister & Bergin*, for Appellant.

The evidence of work was rightly excluded as being immaterial under the pleadings. The attempt to impeach Lewis was wholly irregular. (*People* v. *McKellar*, 53 Cal. 65.) The objection to the instruction is untenable, in the view of the averments of the complaint, and in the absence of the contract. (*Barnes* v. *Quigley*, 59 N. Y. 268; *Stout* v. *Coffin*, 28 Cal. 67; *Mercier* v. *Lewis*, 39 id. 535.) Where the bill of exceptions

does not contain the evidence, the Court cannot revise the instructions.   (*People* v. *McCauley*, 1 Cal. 385; *People* v. *Baker*, id. 405; *People* v. *Best*, 39 id. 691; *People* v. *Whitney*, 53 id. 421.)

*Flournoy & Mhoon*, for Respondents.

Gross error or mistake, even though not willful or fraudulent on the part of the engineer, and even though unknown to the appellants, might well be corrected under the allegations of actual fraud. (Civ. Code, § 1573; Code Civ. Proc. §§ 463, 1867.) The allegation of actual fraud might be stricken out, and yet the complaint be good, and the action lie.

Ross, J.:

The plaintiffs moved for a new trial in the Court below, on a bill of exceptions, solely upon the ground of alleged errors in law occurring at the trial and excepted to by them. The Judge who tried the cause and passed upon the motion, thought that the first exception was "probably well taken," and therefore entered an order granting a new trial. From that order defendant brings this appeal.

No question of fact being involved, it will be our duty to reverse the order if, in our opinion, no error of law was committed in the trial already had; and this is to be determined from the record as made.

In the complaint it is alleged that on the 9th of October, 1875, the plaintiffs entered into a contract with the Sonoma and Marin Railroad Company whereby they undertook and agreed to excavate and construct a certain tunnel, within a designated time, according to certain plans and specifications, and to the satisfaction of the chief engineer of the railway company, for which the company promised to pay plaintiffs at certain rates, in gold coin, and in the following manner, to wit: "The chief engineer of said Sonoma and Marin Railroad Company was, by the terms of said agreement bound and obliged to measure and estimate, on or about the first day of each calendar month, the amount of work done during the preceding month, and to estimate and certify to the amount due for such work according to

said contract, and to deliver such certificate to the president of said company; and thereafter, on the tenth day of each month, the said company was bound and obliged to pay to these plaintiffs the amount named in said certificate, less twenty per cent. thereof, which said twenty per cent. so deducted and retained, should be paid to plaintiffs on the said engineer's final estimate and certificate upon the completion of said contract."

The complaint also alleges full performance on the part of the plaintiffs of all the requirements, covenants, and conditions of the contract, and the due acceptance of the work, and, further, that on the 29th of June, 1877, the said Sonoma and Marin Railroad Company merged into and was consolidated with the defendant, pursuant to law, whereby defendant "succeeded to all the rights, duties, and obligations of the said Sonoma and Marin Railroad Company."

As constituting the plaintiffs' cause of action, the complaint next charges: "That for the excavations and embankments and tunneling done and made under said contract as aforesaid, the said chief engineer made his estimates of the work done and returned his certificates of the sums due thereon, less 20 per cent. thereof, from time to time, until March 9th, 1877, when said engineer made his final estimate of the work done, and returned his final certificate of the sum due plaintiffs for the performance of said contract. That said engineer, in making said estimates and returning said certificates, falsely, fraudulently, and by and with the procurement of and collusion with said Sonoma and Marin Railroad Company and its officers, neglected and omitted and refused to include in estimates of work done by plaintiffs under said contract, 11,922 cubic yards of excavation and embankment, and also fifteen feet of tunneling, unfairly, improperly, and contrary to the intent and meaning of said contract; that said plaintiffs have duly notified said engineer and the defendant of the foregoing facts, and demanded from said engineer an estimate of said 11,922 cubic yards of embankment and excavation and fifteen feet of tunnel, and a certificate of the amount due therefor, but said engineer refused and still refuses to estimate said work, or certify the amount due therefor, in collusion with and by the procurement of said defendant, and with the intent and for the purpose of

defrauding these plaintiffs, to their damage in the sum of $12,963.90 "; for which sum the plaintiffs ask judgment against the defendant.

It will be thus seen that the gist of the plaintiffs' action, as stated in the complaint, is the alleged fraudulent omission and refusal of the engineer to include in his estimates certain work performed by plaintiffs.

At the trial it was conceded that the plaintiffs performed all of the work provided for in the contract, and that it was duly accepted by the defendant. Counsel for plaintiffs then offered to prove by one of the plaintiffs that "during the progress of the work under the contract, he was ordered by the engineer to remove, and did remove certain earth that had caved in upon the work, and that the engineer of the road told him that he would be paid for it as he was paid for similar work under the contract; that afterward the matter was brought to the atttention of Mr. Donahue, the president of the road, and that Mr. Donahue agreed to it." The offer having been objected to by the defendant, the Court sustained the objection, and the plaintiffs reserved an exception. This ruling seems to have been the ground of the order granting a new trial.

In our opinion, the ruling was right, and the exception not well taken. Admitting that evidence tending to show that the estimates of the engineer were grossly erroneous, was material upon the question of fraud, there was nothing in the offer tending to show that the estimates were in any respect erroneous. On the contrary, it seems to have proceeded upon the theory that the work referred to was independent of the contract, and was performed by the plaintiffs on the statement of the engineer that it would be paid for "as similar work under the contract " was paid for; in other words, upon the theory that it was *extra work*. Indeed, in that portion of the testimony of the plaintiffs found in the bill of exceptions, each of them speaks of the work as "extra work." If it be treated as such, it is enough to say that the plaintiffs have not sued for the value of any extra work. It is, therefore, not necessary to inquire whether the president of the defendant corporation could bind it by his promise to pay.

Not only is there nothing in the "offer" already noticed

tending to show that the estimates of the engineer were erroneous, or fraudulent, or false in any respect, but there is nothing in any of the evidence embodied in the bill of exceptions tending to show any one of these things.   On the contrary, the bill recites that at the trial the defendant gave evidence purporting to explain the nature and extent of the work in question, " purporting to show that said work had been fully estimated by the engineer and paid for by the defendant, and the engineer so testified."

The bill of exceptions does not contain the contract under which the work was done, nor does it present any evidence upon the points to which the instructions complained of relate. Under such circumstances it cannot be said that there was any error in the rulings of the Court below respecting the instructions before us.   (*People* v. *Whitney*, 53 Cal. 421 ; *People* v. *Best*, 39 Cal. 691.)   Nor was there any error in the ruling in respect to the attempted impeachment of the witness Lewis. (1 Greenl. Ev. § 449.)

The motion of the plaintiffs being based entirely on alleged errors in law occurring at the trial, and it being incumbent on them to show error, and the record failing to disclose any, we feel constrained to reverse the order granting a new trial.

Order reversed.

McKINSTRY, J., and McKEE, J., concurred.