[No. 12003.   Department One. — October 11, 1889.]

MARGUERITA B. EVANS, Respondent, v. CHARLES E. DE LAY et al., Appellants.

81 103
124 657

Pleadings — Married Woman may Sue Alone to Recover Separate Property — Allegation of Marriage Immaterial. — A married woman may sue alone to recover money loaned by her which is her separate property, and in such an action an allegation as to whether she is married or not, or whether she is the wife of a particular man, is immaterial, and a failure to find thereon is not ground for a reversal.

Evidence — Impeachment of Witness. — A witness cannot be impeached by evidence of particular wrongful acts, as that she had been guilty of bigamy.

Id. — Cross-examination of Adversary's Witness. — A party cannot cross-examine his adversary's witness upon irrelevant matters for the purpose of eliciting something to be contradicted, and if he attempts so to do, the court should stop the inquiry.

Evidence — Loan. — The evidence held to show that the money sued for was loaned to the defendants, and was not advanced on account of a proposed purchase by her of an interest in the defendant's business.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*R. B. Mitchell, Sawyer & Burnett*, and *Mitchell & Ricketts*, for Appellants.

*J. F. Wendall*, and *F. W. Van Reynegom*, for Respondent.

Belcher, C. C.—This action was brought to recover moneys alleged to have been loaned at different times by plaintiff to defendants, several of the loans being evidenced by due bills made by defendants to Mrs. A. B. Evans. The complaint states that the plaintiff was at the time of the loans the wife of Allan B. Evans, and that the money was her separate property. The answer denies that plaintiff was the wife of Allan B. Evans, or that she loaned to defendants any of the money sued for,

or that it was her separate property; and, by way of defense, alleges that defendants made a verbal agreement with Evans to sell him a half-interest in their business, and that the moneys alleged to have been loaned were partial payments made by him on his purchase. Plaintiff had judgment, a motion for a new trial was denied, and defendants appeal.

It is urged on behalf of appellants that the court found only inferentially, and not directly, that plaintiff was the wife of Evans, and that therefore the judgment should be reversed. The complaint alleged that defendants executed and delivered to plaintiff each of the due bills sued upon, "describing her therein by her married name of Mrs. A. B. Evans." The answer denied the delivery, but not the execution, of the papers. The court found that the due bills were executed and delivered by defendants to plaintiff, and that she was the person described therein as "Mrs. A. B. Evans." The court further found that the moneys loaned were all the separate property of plaintiff, "acquired by her during coverture . . . . by gift from her husband, Allan B. Evans." These findings were amply sustained by the evidence, and in view of them it was entirely immaterial whether plaintiff was in fact the wife of Evans or not. The moneys being plaintiff's separate property, she had a right to loan them to defendants, and to sue for and recover them; and it was a matter of no concern to them whether she was married or unmarried, or whether she was the lawful wife of Evans or some other man. The contention of appellants cannot, therefore, be sustained; the rule being that findings upon immaterial issues are unnecessary, and that judgments will never be reversed for the want of them.

It is next claimed that the court erred in sustaining objections to offered testimony. The plaintiff was called as a witness in her own behalf, and, on cross-examination, testified that she was married to Evans on the 27th

of April, 1880.   She was then asked, "Had you another husband at that time?"   Counsel for plaintiff objected to the question as immaterial, and not cross-examination, and the objection was sustained.   Counsel for defendants then offered to prove that, at the time plaintiff claimed to have been married to Evans, she was the wife of one Frank Cunningham; that in a certain case she had testified that she was married to Cunningham in January, 1869, that Cunningham was alive, and that they had never been divorced.   Counsel for plaintiff objected to the offered evidence on the same grounds as before, and the objection was sustained.   Counsel for appellants say in their brief: "The object of the evidence sought to be elicited was to impeach the credibility of the witness. She had testified she was married to Evans in 1880, and we had the right to prove her statements at other times which would contradict those she made on the stand, or which were inconsistent therewith."

But the offered evidence did not tend to contradict the statement of the witness that she was married to Evans in April, 1880.   At most, it tended only to prove that she had another husband at the time, and was therefore guilty of bigamy.   This, if true, was a wrongful act, but it was irrelevant, and not collateral to any material issue before the court.   And it is a well-settled rule that a witness cannot be impeached by evidence of particular wrongful acts.   (Code Civ. Proc., sec. 2051; *Hinkle* v. *Railroad Co.*, 55 Cal. 627; *People* v. *Hamblin*, 68 Cal. 101; *Sharon* v. *Sharon*, 79 Cal. 633.)   Besides, the fact of the witness's marriage to Evans was called out on cross-examination, and as said in *People* v. *Dye*, 75 Cal. 112: "A party cannot cross-examine his adversary's witness upon irrelevant matters for the purpose of eliciting something to be contradicted; and if such matters are drawn out, the court should stop the inquiry there."

Finally, it is contended that the evidence establishes the fact that the money was not loaned, but was ad-

vanced by plaintiff on account of a proposed purchase by her of an interest in defendants' business. And it is said "that when the defendants failed to carry out their agreement to admit the plaintiff as a partner, her remedy was by a suit to recover damages for breach of contract, and not for money loaned." The court found that the moneys sued for were loans, and we think the evidence abundantly sufficient to justify the finding. It is true that plaintiff occasionally speaks of some of them as advances, but she also speaks of them as loans. The two terms are not necessarily inconsistent. Mortgages are sometimes given to secure future advances. The evidence shows that there were some negotiations for a partnership between plaintiff and defendants, but that the minds of the parties never met, and the negotiations come to naught. No partnership agreement was ever arrived at, and there could, therefore, be no action for its breach.

We advise that the judgment and order be affirmed.

VANCLIEF, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.