[No. 13219. In Bank. — December 13, 1890.]

W. G. JONES, RESPONDENT, v. J. C. DUCHOW, APPELLANT.

LIBEL — EVIDENCE — RES GESTÆ — CERTIFICATE OF CHARACTER — CONTRADICTION OF WITNESS. — Where a libel is justified on the ground of its truth, and a witness for the defendant has testified that the plaintiff was denounced by himself and all good citizens at the place of his residence, on a certain date, a certificate of recommendation of the plaintiff for good and correct habits in business and social relations, signed by several prominent citizens of that place, at a date four months earlier, is not admissible as part of the *res gestæ*, to contradict the statement of the witness, nor to prove the good character of the plaintiff.

ID. — IMPEACHMENT OF WITNESS — SPECIFIC ACTS — BATTERY. — A witness cannot be impeached by evidence of particular wrongful acts; nor is it proper to ask him, for the purpose of impeachment, whether he had been arrested, pleaded guilty, and paid a fine for beating, bruising, and battering a woman of the town.

ID. — OBJECTION TO IMPEACHING EVIDENCE. — An objection to such question, on the ground that it did not tend to impeach the witness, and that the record was the best evidence, is specific enough to invoke the rule which does not permit a witness to be impeached by evidence of particular wrongful acts.

APPEAL from a judgment of the Superior Court of Tuolumne County, and from an order refusing a new trial.

The facts are stated in the opinion rendered in Department Two.

*F. D. & G. W. Nicol, F. W. Street,* and *E. A. Rodgers,* for Appellant.

It was error to admit the certificate in evidence, none of the signers being produced as witnesses in court, and the certificate not being cotemporaneous with the acts alleged, nor part of the *res gestæ.* (Code Civ. Proc., secs. 1826, 2082; Wharton on Evidence, secs. 254–267; *People* v. *Eckman,* 72 Cal. 584; *Aguirre* v. *Alexander,* 58 Cal. 26; *Bush* v. *Roberts,* 111 N. Y. 478; *Louisville R'y Co.* v. *Buck,* 116 Ind. 566; 9 Am. St. Rep. 883.) The letter, in any view, was inadmissible to contradict Gift. (*Spottiswood*

v. *Weir*, 66 Cal. 528; *Jepsen* v. *Beck*, 78 Cal. 540.) It was *res inter alios acta*, and could not be used for the purpose stated by the court. (*King* v. *La Grange*, 61 Cal. 232.) The witness having been examined by plaintiff on a matter collateral to the issue, plaintiff was bound by his answer thereto, and could not contradict him. (*Pierce* v. *Schaden*, 59 Cal. 540; *Donelly* v. *Curran*, 54 Cal. 282; *People* v. *Mitchell*, 62 Cal. 412; 1 Greenl. Ev., sec. 449.) The letter was incompetent to prove Jones's reputation, which could only be proved by sworn testimony of his general reputation. (*People* v. *Wheeler*, 60 Cal. 581; 44 Am. Rep. 70; *State* v. *Wellington*, 43 Kan. 121.) The certificate was not admissible for any purpose. (*Vicksburg* v. *Meridian R. R. Co.*, 119 U. S. 99.) It was error to allow the witness Bradford to be questioned as to particular wrongful acts, no conviction of a felony being shown. (Code Civ. Proc., sec. 2051; *Hinkle* v. *San Francisco R. R. Co.*, 55 Cal. 627; *People* v. *Hamblin*, 68 Cal. 101; *Sharon* v. *Sharon*, 79 Cal. 633; *People* v. *Elster*, 3 West Coast Rep. 37, and cases there cited.)

*James H. Budd*, and *I. M. Kalloch*, for Respondents.

The principal fact here in question being the manner of plaintiff's leaving Hollister, whether in secret flight or open departure, and what people there said of him, all such declarations as that in question, whether written or parol, are admissible. (Code Civ. Proc., secs. 1850, 1870, subd. 15; Wharton on Evidence, secs. 258–260; 1 Greenl. Ev., sec. 108; *People* v. *Vernon*, 35 Cal. 51; 95 Am. Dec. 49.) The certificate was admissible, not to show character, but to contradict defendant's testimony as to what was said of plaintiff by citizens of Hollister. (1 Wharton on Evidence, sec. 254; 1 Greenl. Ev., sec. 123.) The specific ground of objection now urged to the examination of Bradford was not urged in the court below, and cannot be raised for the first time on appeal. (*Natoma Water & Min. Co.* v. *Clarkin*, 14 Cal.

548; *People* v. *Moan,* 65 Cal. 536; *Hicks* v. *Lovell,* 64 Cal. 22; 49 Am. Rep. 679; *People* v. *McCauley,* 45 Cal. 148; *Cutter* v. *Caruthers,* 48 Cal. 184; *Henry* v. *R. R. Co.,* 50 Cal. 176.)

The COURT. — Upon rehearing and further consideration of this case, we are satisfied that the court below did err in the particulars pointed out in the opinion filed herein February 28, 1890, and the same will stand as the opinion and order of the court on this appeal.

BEATTY, C. J., and FOX, J., dissented.

THORNTON, J., concurring. — I concur in the judgment of reversal herein, for the reason that the letter allowed in evidence to contradict the witness Gift was erroneously admitted. It was admitted on the offer of plaintiff to contradict a statement of Gift, brought out on cross-examination by plaintiff, which statement was collateral to the issue. The plaintiff was bound by Gift's statement, and could not be allowed to contradict it.

The following is the opinion above referred to, rendered in Department Two on the 28th of February, 1890:—

FOOTE, C. — This is an action for libel. The plaintiff, Jones, recovered, under the verdict of a jury, a judgment for two thousand five hundred dollars, from which, and an order refusing a new trial, the defendant appeals.

One of the grounds of the alleged libel was, that the defendant had published of the plaintiff that he had been compelled to leave his former place of residence between two days, in order to prevent a mob from riding him out of town on a rail.

The defendant admitted the publication of this matter, and justified it on the ground of its truth.

On the trial, Mr. Gift, a witness for the defendant, had testified, among other things, that he had denounced the character of the plaintiff, Jones, at Hollister, his former

place of residence, in this state, " as any other good citizen used to, and did," on account of divers acts of Jones at that place. The plaintiff then proposed to introduce in evidence before the jury a letter or certificate of good character for himself, signed by Judge Breen and others, who are admitted to be good citizens of Hollister.

This was objected to by defendant's counsel, on the ground that it was irrelevant, and incompetent for any purpose. It was admitted in evidence by the court, as " legitimate cross-examination."

The witness then further gave evidence which went to show that the time when this " denunciation " occurred was about July, 1883. The certificate was dated March 2, 1883. It is couched in the following language:—

"SUPERIOR JUDGE'S CHAMBERS, SAN BENITO CO., CAL. "HOLLISTER, March 2, 1883.

" The bearer of this, Mr. W. G. Jones, contemplates removing from this place, with the view of establishing himself in business in Washington Territory. I take pleasure in commending him to all with whom he may meet in business or social relations. Mr. Jones has for some time past conducted the Hollister Democrat (newspaper), at this place, as the editor and proprietor. I have been well acquainted with him during all of said time, and I bear willing testimony to his uniformly good and correct business habits. He will, I am satisfied, be a gain to any community where he may locate.
"JAMES F. BREEN,
"Judge of the Superior Court of San Benito County, Cal.
"WM. T. BROWN, ex-Sheriff.
" I concur in the above.
" T. S. HAWKINS,
" President Bank of Hollister.
" W. C. LANG, Cattle Dealer.

The letter was admitted in evidence, against the defendant's objection, as heretofore stated.

The respondent argues that it was admissible to con-
tradict the statement of Gift, inasmuch as it was part of
the *res gestæ*; that it was contemporaneous with and
illustrative of the *thing done*, of which Gift spoke, in
alluding to the denunciation of Jones by all good citi-
zens at Hollister, at a time when he, Gift, went there to
look after a female relative.

The letter is, in itself, merely a certificate of good char-
acter for Jones in March, 1883. The state of feeling as
to Jones of which Gift spoke appears to have been in
July, 1883, some months after the letter was given to
him.

The certificate of Judge Breen and others, on March 2,
1883, was not cotemporaneous with the main fact under
consideration, which was the denunciation of Jones by
all good citizens at Hollister, in July, 1883, the time
when Gift went there for a purpose heretofore stated;
nor was the certificate illustrative of the condition of
public sentiment relative to Jones in July. It was there-
fore inadmissible as part of the *res gestæ*, to contradict
Gift's statement. The effect of its admission would be
to prove, on a trial, good character for Jones, at Hollister,
by the *ex parte* written statement of witnesses, not under
oath or affirmation, and not in the presence and subject
to the examination of all the parties to the action who
chose to attend. (Code Civ. Proc., sec. 1846.)

The letter was not the testimony of a witness taken
either by affidavit, deposition, or by oral examination.
(Code Civ. Proc., sec. 2002.) It is clear that it was not
admissible to prove good character for the plaintiff, by
contradicting what Gift had said of Jones being gener-
ally denounced at Hollister in July, 1883. (*People* v.
*Eckman*, 72 Cal. 584.)

It is further claimed as error, by the appellant, that
the court below overruled his objection to a question
asked by plaintiff's counsel of the witness Bradford,
which was in this language: —

LXXXVII. CAL.—8

"Are you the W. F. Bradford who was arrested on the twenty-ninth day of January for beating, bruising, and battering one Maud Evans, a woman of the town, and appeared in Judge Cooper's court, and pleaded guilty, and paid a fine therefor?"

The objection was made on the ground that it did not tend to impeach the witness; that the record was the best evidence. The witness was compelled to answer. "I am."

The court stated that the witness had testified to a very material matter, and the only basis for demanding the answer of the witness must have been to impeach his testimony. We think the ground of objection was specific and clear enough to show that the objecter had in mind and invoked the rule which does not permit a witness to be impeached by evidence of particular wrongful acts theretofore done by him. It was not proposed to show, by his examination, or by the record of his conviction, that he had been convicted of a felony.

"A witness cannot be impeached by evidence of particular wrongful acts, nor is it proper to question the witness with reference to such matters." (Code Civ. Proc., sec. 2051; *Sharon* v. *Sharon*, 79 Cal. 633, and authorities there cited.)

These comprise the main points of objection, as shown by the reply brief of the appellant, and we advise that the judgment and order be reversed.

BELCHER, C. C., and GIBSON, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are reversed.