## BARKLY v. COPELAND.*

### No. 13,520; December 26, 1890.

25 Pac. 405.

**Slander—Evidence of Defendant's Wealth—Declaration of Co-conspirator.**—In an action for slander in charging plaintiff with associating with another in a theft of certain cattle, declarations made by such other after the alleged transaction was completed are inadmissible to show that plaintiff was associated with him.

---

*For former opinion, see 86 Cal. 483, 25 Pac. 1.

Clay W. Taylor, Jackson Hatch and A. M. McCoy for appellant; Chipman & Garter, John F. Ellison and L. V. Hitchcock for respondent.

PER CURIAM.—Respondent's petition for a rehearing is denied. A re-examination of the record has not only confirmed us in the opinion that our decision was correct as to the ground upon which the judgment and order appealed from were reversed, but has satisfied us that we erred in sustaining the ruling of the superior court last noticed in the opinion of Commissioner Foote. Mrs. Mandeville's testimony, in regard to statements of Speegle, to the effect that plaintiff was his confederate in the proposed larceny of Polk's cattle, was clearly incompetent as hearsay, and not within the rule of People v. Collins, 64 Cal. 295, 30 Pac. 847. The decision in that case was merely that, after competent evidence of a conspiracy to commit a crime, the declaration of one conspirator accompanying an act done in furtherance of the common design, while the conspiracy is rife, is competent evidence against his confederate. This is no doubt correct, but it is not the law that a conspiracy between A and B can be proved as to either by the declarations of the other, as was allowed in this case, and our decision sustaining the ruling of the superior court on this point should not become the law of this case, or a precedent for others.