## MASTERS v. SEELEY.

### (Circuit Court of Appeals, Fourth Circuit. May 9, 1905.)

### No. 550.

MASTER AND SERVANT—ACTION FOR SERVICES—EVIDENCE—WITNESSES—IMPEACHMENT.

Where, in an action for salary, plaintiff's claim that, after he received an increase in salary, defendant was also to pay his actual and necessary living expenses, as theretofore, which defendant denied, rested mainly on his own testimony, defendant was entitled to show on cross-examination of plaintiff as a witness that he had previously recovered a default judgment against defendant on the same claim, which had been set aside for fraud and collusion, for the purpose of impeaching him as a witness.

[Ed. Note.—For cases in point, see vol. 50, Cent. Dig. Witnesses, §§ 1133, 1134.]

In Error to the Circuit Court of the United States for the Western District of Virginia.

M. M. Caldwell and John C. Blair, for plaintiff in error.

J. F. Bullitt (A. A. Campbell, on the brief), for defendant in error.

Before PRITCHARD, Circuit Judge, and BRAWLEY and WADDILL, District Judges.

PRITCHARD, Circuit Judge. · On the 24th of March, 1898, George M. Seeley, the defendant in error, instituted an action at law for $12,069.67 against the New River Mineral Company, the plaintiff in error, in the Circuit Court of the United States at Abingdon, Va., for salary alleged to be due him as the manager and agent of the plaintiff in error at Ivanhoe, Va., at which place the company was engaged in the business of manufacturing iron. The plaintiff in error was incorporated under the laws of New York, and had its principal office in that state. A judgment by default was entered for the defendant in error, and on appeal to the Circuit Court of Appeals was reversed and set aside on the ground that the same was obtained by fraud and collusion. See New River Mineral Co. v. Seeley, 120 Fed. 193, 56 C. C. A. 505. On the 26th of December, 1898, the defendant in error, George M. Seeley, instituted the present action against the plaintiff in error in the circuit court of Wythe county, Va., for salary alleged to be due him as manager and agent for the New River Mineral Company in the sum of $56,000, which sum embraced the claim for salary alleged to be due, as well as items included in the original action between the New River Mineral Company and George M. Seeley. 120 Fed. 193, 56 C. C. A. 505. On petition the case was removed from the circuit court of Wythe county to the Circuit Court of the United States at Abingdon, Va. On October 20, 1903, the case was tried, and resulted in a verdict and judgment in favor of the defendant in error for the sum of $16,466.83.

When the company first employed defendant in error, it agreed to pay him the sum of $100 per month, and also his housekeeping expense account. This agreement continued until July 1, 1895,

when the salary of defendant in error was increased to $5,000 per annum. It is contended by defendant in error that under the new contract it was understood that the housekeeping expense should be paid by the company, as it had done under the former agreement. On the contrary, it is contended by plaintiff in error that, in view of the large increase in the salary of defendant in error, he was only to receive $5,000 in full for all services and expenses.

During the progress of the trial below, plaintiff in error propounded to defendant in error the following question (defendant in error then being upon the stand as a witness in his own behalf):

"Is it not a fact that in March, 1898, you instituted a suit in this court based upon the account referred to, and that in that suit you obtained a judgment by default, which was afterwards set aside by the Circuit Court of Appeals of the United States for the Fourth Circuit on the ground of fraud and collusion?"

The court sustained the objection of the defendant in error to this question, and to this ruling of the court plaintiff in error excepted, and filed an assignment of error.

The foregoing statement of facts is deemed sufficient for a proper understanding and disposition of the case.

The defendant in error, among other things, had testified that when his salary was increased to $5,000 per annum the plaintiff in error agreed that in addition thereto it would pay his actual and necessary living expenses. On the other hand, the plaintiff in error admitted that the company, through its governing body, had agreed to pay the sum of $5,000 per annum as a salary, but insisted that there was no agreement to pay the necessary living expenses of the defendant in error. Thus it will be seen that there was a sharp and well-defined controversy between the parties as to the validity of defendant in error's claim for actual and necessary living expenses. The jury was called upon to determine as to whether defendant in error's contention in that respect was true. Inasmuch as defendant in error on that point relied almost exclusively on his own testimony, it was important that the jury should have been afforded an opportunity to consider any evidence which tended to weaken or strengthen his testimony. Their verdict in regard to the particular item in controversy necessarily depended in a large measure upon the weight which they attached to the testimony of the defendant in error. In the first place, the question was competent because it had a tendency to impeach the character of the witness. It was not only competent for this purpose, but it was also relevant to the issue being tried, in that it related to the particular transaction out of which the controversy between the parties arose. Any evidence which would explain the conduct of the defendant in error at the time the contract was entered into, or any evidence which tended to show that he at any time subsequent thereto had dealt unfairly with the plaintiff in error in regard to the subject-matter of the controversy, was relevant, and should have been submitted to the jury as evidence to be considered by it in determining the weight it should give to the testimony of defendant in error in regard to the transaction about which he was testifying,

and as bearing upon the justice and bona fides of his claim. It is contended by defendant in error that at most the failure of the court to admit the testimony in question was harmless error. There are many instances in the trial of causes wherein such contention would be well founded, but in this case it is without foundation. The failure of the court to allow the question proposed by the plaintiff in error may have determined the matter in controversy in favor of the defendant in error. In other words, inasmuch as the defendant in error to sustain his contention relied mainly on his own testimony, any evidence which would have explained his conduct in relation to the transaction between the parties was material to the issue then being considered; and the refusal of the court to permit the jury to have the benefit of such evidence in their deliberation was not harmless error, but was of such a character as to materially affect the verdict which the jury was called upon to render. If this had been a case wherein the defendant in error had proved his case on the particular point in question by clear and convincing evidence, by witnesses other than himself, and the court, in its discretion, had refused to permit the question, under such circumstances it would in all probability have been harmless error.

For the reasons stated, the judgment of the Circuit Court is reversed, with directions that a trial de novo be had.

Reversed.