[Civ. No. 4180.   Second Appellate District, Division One.—February 8, 1924.]

## HARRY S. ALTSCHUL et al., Respondents, v. SAN FELICI ALEXANDER, Appellant.

[1] APPEAL—FINDINGS—ISSUES—INSUFFICIENT BRIEF.—No duty devolves upon the appellate court to search the record for the purpose of discovering whether the trial court has failed to find on all the issues in the case, where the attention of the appellate court is not directed to any issue upon which it is claimed there was such failure by the trial court, nor is reference made to any evidence to support such contention.

[2] CONTRACTS—FAILURE TO DELIVER GRAPES—DISAPPOINTMENT OF VENDOR BY THIRD PERSONS—ISSUES—FINDINGS.—In an action for damages for breach by the vendor of a contract to sell and deliver grapes, an averment in the answer that defendant was disappointed in not being able to buy the grapes from third persons in order that he might comply with the terms of his contract with plaintiffs constitutes no defense and raises no issue; and no error may be predicated upon the failure of the trial court to find thereon.

[3] ID.—NEW TRIAL—VALUE OF GRAPES—CUMULATIVE EVIDENCE.—In this action for damages for breach by the vendor of a contract to

sell and deliver grapes, the trial court did not commit error in denying defendant's motion for a new trial upon the ground that certain evidence offered by plaintiffs as to the value of the grapes was not only hearsay, but was false in fact, and that defendant was taken by surprise thereby, and upon the further ground of newly discovered evidence which defendant wished to introduce, where the evidence to which defendant objected was brought out by himself on cross-examination of a witness for plaintiffs, was merely cumulative, and was not followed by the trial court, which found that the grapes had a lesser value than testified to by such witness and were of the value as testified to by two other witnesses, and the alleged newly discovered evidence was merely to the effect that the witness in question, whose testimony had not been followed by the trial court, had been misinformed.

[4] ID.—EVIDENCE—EXPERT ON VALUES.—In an action for damages for breach by the vendor of a contract to sell and deliver grapes, where it is shown that a certain witness had been engaged in the fruit and produce business for a period of over twenty-two years, that he had been in the city where the grapes in question were to be marketed for a period of one week almost immediately before the time fixed for their sale, and that thereafter he did his buying from another city within the state "over the long-distance phone and by telegraph," a sufficient foundation is shown for the admission of his testimony as that of an expert on values.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Wellborn, Judge. Affirmed.

The facts are stated in the opinion of the court.

Turnbull, Heffron & Kelley for Appellant.

I. Henry Harris for Respondents.

HOUSER, J.—This is an appeal by defendant from a judgment against him in favor of plaintiffs for the sum of $2,350.

The substance of the complaint was that defendant agreed to sell to plaintiffs, and plaintiffs agreed to buy from defendant, five cars of grapes, to be delivered at a specified time, for the sum of $72.50 per ton, on account of which contract plaintiffs had paid to defendant the sum of $1,000 cash in advance; that to plaintiffs' damage defendant failed and refused to deliver the grapes in accordance with the terms of the agreement, and also failed to repay to plain-

tiffs the $1,000 paid by them to defendant on account of the purchase price.

[1] Appellant's first point on his appeal is that the court failed to find on all the issues. However, the attention of this court is not directed to any issue upon which it is claimed that there was such failure by the trial court; nor is reference made to any evidence to support such contention. In such circumstances no duty devolves upon this court to search the record for the purpose of discovering possible error in that regard. [2] Inferentially, however, it appears that the alleged error of which appellant complains in this connection consists in a failure on the part of the trial court to find upon a question whether or not defendant was disappointed in not being able to buy the grapes from third persons in order that he might comply with the terms of his contract with plaintiffs. Such an averment in the answer constituted no defense and raised no issue. If facts of that nature were to be deemed a valid reason for excusing nonperformance of the provisions of a contract, no reliance could be placed upon any covenant whatsoever being kept, no matter with what assurances or solemnity it may have been agreed upon, nor what consequences may have ensued upon its breach. The rule is well settled that no error may be predicated upon a failure by the trial court to find upon immaterial issues. (*Souter* v. *Maguire*, 78 Cal. 543 [21 Pac. 183]; *Miller* v. *Luco*, 80 Cal. 257 [22 Pac. 195]; *Evans* v. *De Lay*, 81 Cal. 104 [22 Pac. 408].)

[3] Appellant next contends that the trial court erred in refusing to grant defendant a new trial upon a showing that material evidence offered by plaintiffs was not only hearsay, but that such evidence was false in fact, and that defendant had been taken by surprise thereby; also, that there was newly discovered evidence which defendant wished to introduce should a new trial be granted. The evidence to which appellant objects was brought out by himself on cross-examination of a witness who had testified as to the value of the grapes. Such evidence, however, was merely cumulative. An examination of the record herein discloses the fact that, whereas the testimony of the witness in question showed that the grapes had a certain value, the finding of the trial court in that regard is that the grapes had a lesser value than that testified to by such witness and were

of the value as testified to by two other witnesses. The "newly discovered evidence" which defendant proposed to introduce, had a new trial been granted, according to statements contained in an affidavit by defendant personally (and not by the proposed witness), would be to the effect that the witness who had testified to the value of the grapes had been misinformed and was entirely mistaken with reference to the basis of a settlement of a transaction similar to the one between plaintiffs and defendant, and upon which settlement determining the value of the grapes involved in that matter, the witness had relied in fixing the value of the grapes in the instant case. In reaching its conclusion, it is apparent that the trial court placed no reliance upon the testimony of the witness. Even admitting the incorrectness of the testimony given by the witness on the former trial, and assuming that on a new trial, he would either not testify at all, or that if he were to testify, the evidence would not be favorable to plaintiffs' case, there is no likelihood that a different result would be reached. In such circumstances it would seem clear that no error was committed by the trial court in denying the motion for a new trial. (*Oberlander* v. *Fixen & Co.,* 129 Cal. 690 [62 Pac. 254]; *People* v. *Demasters,* 109 Cal. 607 [42 Pac. 236]; *People* v. *Buckley,* 143 Cal. 375 [77 Pac. 169]; *People* v. *Sing Yow,* 145 Cal. 1 [78 Pac. 235].)

[4] The last point made by appellant is to the effect that no sufficient foundation was laid for the introduction of testimony given by a certain witness as an expert on values. The evidence, however, shows that the witness, for a period of over twenty-two years, had been engaged in the fruit and produce business, and that he had been in the city of Fresno, where the grapes in question were to be marketed, for a period of one week almost immediately before the time fixed for their sale and that thereafter he did his buying from Los Angeles "over the long-distance phone and by telegraph." The foundation was clearly sufficient.

The judgment is affirmed.

Curtis, J., and Conrey, P. J., concurred.