[Civ. No. 7246. Second Appellate District, Division Two.—November 29, 1932.]

H. I. HARLOW, Respondent, v. MOTOR COACH COMPANY (a Corporation) et al., Appellants.

B. P. Gibbs and Walter W. Little for Appellants.

John T. Curtin, Ivan Kelso, Alfred T. Hutchins, Maynard Garrison and Fred O. Reed for Respondent.

CRAIG, J.—As the result of three actions which arose from allegedly negligent. operation of a motor-bus and a private automobile at an intersection of public thoroughfares, consolidated for the purposes of trial, judgments were rendered in favor of the plaintiffs. The defendants presented several appeals therefrom upon the same transcript. The instant appeal is from the judgment entered in favor of the owner and operator of the car last mentioned.

The grounds assigned for reversal consist of an asserted insufficiency of the evidence to warrant findings by the trial court as to negligence of the defendants, and that there was no contributory negligence on the part of the plaintiff, but. that the sole proximate cause of his injuries and damage was the negligence of the appellant Tappin. It appeared, and is not denied, that the bus of the appellant corporation, driven by said Tappin, approached the intersection while traveling in a southerly direction and that the respondent when first seen by him was driving easterly across his course and in plain view. The respondent testified that while driving on the right-hand side of the easterly and westerly street at about eight miles per hour, as he entered the intersection he observed the bus "two hundred to two hundred and fifty feet north"; that he gave the signal for a left turn, and upon arriving at about the center of said intersection "the bus made a left turn and swerved to the left and crashed into my car". Appellant Tappin testified in part as follows: "I was thirty feet back when I first saw it. Q. Where was the Harlow car at that time? A. It was at the intersection. . . . That is, starting out of the intersection. Q. How far had it proceeded into the intersection? A. When I first saw it? Q. Yes. A. I was coming at such a speed I could not say. . . . Q. Would you say it was traveling fast or slow? A. I would say it was traveling fast. Q. Faster than your car? A. Yes, sir." Other witnesses observed the respective vehicles when about 30 to 40 feet apart; their testimony was somewhat at vari-

ance as to rates of speed, and their means of observation, demeanor on the stand and the effect and weight of their testimony must be presumed to have been observed and to have governed the trial court in its rulings and conclusions.

█ It is strenuously urged on behalf of the appellants that in cases where the only credible substantial evidence disproved any negligence upon the part of the defendant and rendered the probability of liability absurd, a finding in his favor has been held imperative. But it is equally true that unless such be the condition of the record an appellate tribunal resolving all intendments in favor of the judgment may not say as a matter of law that the trial court erred in relying upon portions of conflicting evidence and in rejecting others. (*McCarthy* v. *McColgan*, 99 Cal. App. 492 [278 Pac. 918]; *Behler* v. *Kunde*, 100 Cal. App. 731 [281 Pac. 76]; *Burgess* v. *California Mut. Bldg. & Loan Assn.*, 210 Cal. 180 [290 Pac. 1029].) Nor can it be said that *Lawrence* v. *Goodwill*, 44 Cal. App. 440 [186 Pac. 781], cited by appellants aids their argument. It there appearing that the plaintiff had driven into an intersection upon the state road where the view was obstructed at an excessive and unlawful speed, it was held, in declining to reverse the judgment, that "the jury were well within the record evidence in finding, as their verdict implies that they did find, that, considering the distance of plaintiff's car from the intersecting way and the rate of speed at which the latter was driving at the point of time when the defendant emerged from the Cressey road and entered upon the state highway, the defendant could not with safety have crossed or attempted to cross the center of the state highway". A different conclusion is not impelled by rules announced in *Uhl* v. *Fertig*, 56 Cal. App. 718 [206 Pac. 467], wherein it appeared that uncorroborated evidence of the plaintiffs' one witness created an obvious impossibility and the evidence to the contrary was uncontradicted. Since the instant case has not been brought within the purview of those wherein it was apparent that the defendants were subject to the rule of "last clear opportunity", the discussion of incidental questions, dependent upon conjecture, becomes unjustified.

The judgment is affirmed.

Works, P. J., and Stephens, J., *pro tem.*, concurred.