[S. F. No. 7897.   Department Two.—January 30, 1918.]

## GEORGE A. WEBSTER, Respondent, v. ANNIE S. LOWE et al., Appellants.

FRAUDULENT CONVEYANCE — FINDINGS SUSTAINED BY EVIDENCE. — On appeal from a judgment subjecting certain property to execution, as having been conveyed by a judgment debtor to his daughter-in-law in fraud of creditors, evidence held sufficient to sustain findings.

ID.—APPEAL — FINDINGS OF TRIAL COURT CONCLUSIVE.—Where there is any evidence to support the findings of a trial court, those findings are conclusive on appeal.

ID.—PARTNERSHIP—ESTOPPEL.—By accepting the note of a father on a sale of property, in ignorance of the existence of a partnership between the father and his son, the vendor of the property is not estopped from claiming that the son was a silent partner after discovering that fact.

APPEAL from a judgment of the Superior Court of Alameda County.   Everett J. Brown, Judge.

The facts are stated in the opinion of the court.

CLXXVII Cal.—25

C. A. S. Frost, and Calder Innes, for Appellants.

Marcel Cerf, and J. J. Lermen, for Respondent.

WILBUR, J.—This is an appeal from a judgment in favor of the plaintiff, to subject certain real property conveyed by defendant Lou Choy to his daughter-in-law, Annie S. Lowe, to the lien of a judgment theretofore obtained by plaintiff against defendant Lou Choy, execution thereon having been returned *nulla bona.* Plaintiff alleges that the property in question was transferred by defendant Lou Choy to said daughter-in-law for the purpose of hindering, delaying, and defrauding creditors. The court found in favor of the plaintiff upon all the allegations of the complaint, finding, among other things, that defendant Lou Choy was insolvent at the time of said transfer; that there was no consideration for the transfer, and that it was made for the purpose of hindering, delaying, and defrauding creditors. These findings are attacked on the ground that they are unsupported by the evidence. Appellant claims that the evidence shows that the consideration for said transfer was, first, an indebtedness due to his son Toy Kay Lowe for salary at $75 a month as an employee in the farming business for four years, together with money deposited by said son with said father, aggregating $5,000.10; second, the sum of seven hundred dollars belonging to said daughter-in-law and loaned Lou Choy; and, third, the assumption of an indebtedness secured by deed of trust upon said property to the defendants Garthwaite and Eccleston as trustees for the Oakland Bank of Savings. It is unnecessary to discuss in detail the evidence in the case, for if there is any evidence to support the findings of the trial court those findings are binding on this court. With reference to the indebtedness alleged to be due from the father Lou Choy to the son Toy Kay Lowe, respondent took the position that that indebtedness did not exist; that the relation between father and son was that of partners in the farming business, the son being a silent partner. There was evidence to support this view. Mr. Metson testified that defendant Toy Kay Lowe told him that he was interested with his father in farming, and that he was a silent partner with his father in the farming business. There was evidence with reference to the alleged indebtedness to the daughter-in-law of seven hundred dollars

which would have justified the court in a finding on that issue in favor of the appellants, but the court was not bound to believe that testimony, and this finding against the appellants on that issue must stand. The same is true with relation to the contention that the assumption of the indebtedness above mentioned constituted a consideration for the transfer.

Appellant claims that the plaintiff is estopped from claiming that Toy Kay Lowe was a partner of his father. In order to understand this contention it will be necessary to state some of the evidence upon which it is based. The respondent furnished seed potatoes to defendant Lou Choy. The arrangement for the purchase of said potatoes was made with Toy Kay Lowe, but before he would sell the potatoes respondent demanded that the father, Lou Choy, execute notes in payment therefor. It is claimed that, having declined at that time to recognize Toy Kay Lowe as a partner, he is now estopped from claiming that he was then a partner. It was not claimed that respondent knew at that time that Toy Kay Lowe was a silent partner in the business. The result of appellants' contention, if sustained, would be this: Father and son were partners. They purchased potatoes from respondent, who took the promissory note of the father as payment for said potatoes, in ignorance of the partnership. Thus the son as silent partner secured the advantages of the transaction without assuming its burdens, so far as respondent knew. The son's wife now claims that because the obligation of the father alone was taken as payment for property purchased by the partnership, that respondent is thereby estopped from pursuing the father's property, upon which credit was intended, into her hands, on the theory that not having recognized the existence of a partnership before he knew of it, he cannot assert its existence after discovering it. The mere statement of this proposition is its own sufficient refutation. No principle of estoppel applies.

Judgment affirmed.

Victor E. Shaw, J., *pro tem.*, and Melvin, J., concurred.