[L. A. No. 4178.   Department One.—April 15, 1918.]

## EDGAR B. LEVI, as Receiver, Appellant, v. JAMES A. CHESLEY, Respondent.

APPEAL—FINDINGS—CONFLICT OF EVIDENCE.—On appeal from a judgment and order denying a new trial, the supreme court, following the well-established rule, will not disturb the findings when the evidence is in substantial conflict.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial.   C. N. Andrews, Judge.

The facts are stated in the opinion of the court.

Hoff & Chatterson, for Appellant.

Riley & Heskett, for Respondent.

RICHARDS, J., *pro tem.*—This is an appeal by the plaintiff in the action to recover possession of personal property in which judgment went for the defendant, and a motion for a new trial was denied. The facts of the case were these: One Paul E. Lavoice, who was a tenant upon the ranch of the defendant Chesley, purchased from one Adolph Levi thirty cows, giving a mortgage to secure the purchase price of said cows upon them and also upon some forty-three other head of cows upon said ranch and of which he was, as such tenant of Chesley, in possession but which in fact belonged

to the defendant. Not long after this transaction the defendant Chesley discovered that his tenant Lavoice was disposing of the cattle upon his ranch, and he accordingly ousted him from it and obtained his conviction and incarceration in the state prison. Subsequently, upon foreclosure of the mortgage, the plaintiff, Edgar B. Levi, was appointed receiver, and as such commenced this action against the defendant Chesley for the alleged conversion of twenty-one of the thirty cows for the purchase price of which the said mortgage was given. The defendant denied having possession of or having converted said cattle, except that he admitted being in possession of one of said cows, which he had offered to deliver to the plaintiff prior to the institution of the action and still stood ready to deliver. Upon the trial of the cause the evidence was conflicting as to the identity of the cows for the conversion of which the plaintiff sought to recover, with the exception of the one cow which the defendant conceded and the court awarded to the plaintiff, and with the exception also of one other cow which the plaintiff, we think, sufficiently showed to have been one of those included in the mortgage.

The only points which the appellant presents upon appeal relate to the sufficiency of the evidence to sustain the findings of the court. Under the well-established rule, this court will not disturb the findings of the trial court when the evidence is in substantial conflict. This disposes of every question in the case except as to the right of plaintiff to the possession or value of the one red Durham cow, which, we think, the proofs sufficiently showed plaintiff to be also entitled.

The judgment will, therefore, be modified so as to award this additional cow to the appellant, or its value, which the trial court determined to be the sum of one hundred dollars; and the respondent having in his brief suggested and consented to such modification, the trial court is hereby directed to modify its finding and judgment in accordance with the views expressed in this opinion, each of the parties to this appeal to pay his own costs.

It is so ordered.

Sloss, J., and Shaw, J., concurred.