[Civ. No. 3552.  First Appellate District, Division One.—October 4, 1920.]

## J. S. AZEVEDO, Appellant, v. FRANK DAVIDSON et al., Respondents.

[1] SPECIFIC PERFORMANCE—EXECUTION OF LEASE—ACTION TO COMPEL—CONFLICTING EVIDENCE—FINDING—APPEAL.—In an action in specific performance to compel certain trustees to execute to plaintiff a lease, according to the terms of an alleged verbal contract, claimed to be evidenced by a memorandum in writing, where the evidence on the question of the alleged promise to execute the lease is substantially conflicting, the finding of the trial court made thereon will not be disturbed on appeal.

[2] ID. — INCOMPLETED INVESTIGATIONS — ABSENCE OF ACCEPTED CONTRACTS—CORRESPONDENCE AS EVIDENCE.—In this action in specific performance to compel the defendants to execute to plaintiff a lease of a certain ranch held by them as trustees, the correspondence on which the plaintiff relied to remove the transaction from the bar of the statute of frauds and to prove that one of the defendants promised to execute the lease prepared by plaintiff's attorney, indicated that the negotiations for the lease were not to be considered closed until certain investigations should be made to the satisfaction of the defendants; consequently a concluded and accepted contract was not shown.

APPEAL from a judgment of the Superior Court of Marin County. Edgar T. Zook, Judge. Affirmed.

The facts are stated in the opinion of the court.

G. P. Hall and E. J. Dole for Appellant.

Morrison, Dunne & Brobeck and Herbert W. Clark for Respondents.

WASTE, P. J.—Plaintiff brought this action in specific performance to compel the defendants, as trustees, to execute to him a lease, according to the terms of an alleged verbal contract, claimed to be evidenced by a memorandum in writing. Judgment was entered for the defendants and plaintiff appeals.

Plaintiff, as tenant, was in possession of the premises, the John Davidson ranch, in Marin County, under a lease which was to expire on the first day of October, 1919. The trustees, Frank Davidson and Gavin McNab, defendants and respondents herein, are trustees of the estate of John Davidson, deceased, one of the properties of the estate being the ranch here involved. Desiring to renew his lease of the premises, plaintiff had a conversation with Alice Davidson, one of the *cestui que trusts,* who agreed to such renewal for a period of five years, at the annual rental of eighteen hundred dollars. She stated to plaintiff that the defendants would agree to a renewal on such terms. Thereafter the respondent, Frank Davidson, executed a lease of the ranch, running to plaintiff for a period of five years, but this document was never signed or executed by the cotrustee, McNab. The trial court found that McNab never promised to execute a new lease to plaintiff. Inasmuch as all the other facts were found for plaintiff and appellant, the correctness of this finding presents the question to be considered on this appeal.

[1] The contention of the appellant is that the undisputed evidence shows that McNab, upon two separate occasions, did promise a new lease to the appellant, and that this engagement is evidenced in writing by letters written by McNab to his cotrustee, Davidson, to the officers of the Petaluma National Bank and to the Petaluma Swiss-American Bank. The evidence on the question of the alleged promise to execute the lease is substantially conflicting. Plaintiff and his nephew, Manuel Ennis, testified as to what took place upon the occasion of two visits to Mr. McNab's

office. Mr. McNab also testified as to what occurred upon those visits. The testimony of the latter puts in issue the statements of the other witnesses. On the oral testimony, therefore, this court, following the well-established rule, will not disturb the finding. (*Levi* v. *Chesley*, 178 Cal. 145, [172 Pac. 607].)

[2] Appellant contends in the next place that support of his averment, that defendant McNab promised to execute the lease, is found in the correspondence referred to, which was sufficient to remove the transaction from the bar of the statute of frauds. The matter of a new lease was first discussed at Mr. McNab's office in May, at which time it was agreed that plaintiff should have his attorney prepare a form of lease, covering his renewal proposition, to be submitted to the trustees. On June 10th, at the request of the plaintiff, Mr. Reghetti, cashier of the Petaluma Swiss-American Bank, wrote Mr. McNab as follows: "We have been requested by Mr. J. S. Azevedo to write and ascertain from you if you are willing to renew his lease, which will expire soon. He states that he had an understanding with Miss Davidson whereby the rent would be increased to $1,800.00 per year beginning October 1, 1919. Kindly advise if this will be satisfactory to you." To this letter Mr. McNab replied: "Replying to your letter of June 10th, 1919. Some time ago I wrote to Miss Davidson that I was entirely agreeable to the new lease of Mr. J. S. Azevedo. I suggested that she ask the opinion of Mr. Frank R. Davidson, co-trustee with me, who is at Sebastopol. I have not heard since. I suggest that Mr. Azevedo inquire of Miss Davidson what she has done in the matter, or write to Mr. Frank R. Davidson at Sebastopol."

In July plaintiff and his nephew again visited Mr. McNab's office and had a conversation about the matter. Plaintiff presented a lease drawn by his attorney, which McNab did not sign. He referred plaintiff to his cotrustee, Davidson, with the following letter: "My dear Frank: Mr. J. C. Azevada, tenant of the ranch of your father's estate, wishes a new lease, which permits him to assign to any person acceptable to your father's trustees. The purpose of which is that Mr. Azevedo has already sold his cattle and personal property. I explained to him that I had no knowledge of the people to whom he is selling whether

they would be good tenants and entirely responsible or otherwise. This is a matter to be passed upon by you, who are familiar with the standing of the people of the county. While this does not enter directly into the lease itself, in the present form, as it is his purpose to sell to these people, it should be considered at this time so that the two transactions may go through together. If you approve of the lease and the transaction, please sign the lease and write me a letter." Davidson signed the lease, but instead of himself passing upon the standing and responsibility of Azevedo's prospective assignee, Kullberg, referred him to the president of the Petaluma National Bank, Mr. Gwinn, who reported to Mr. McNab that he would "make a satisfactory tenant."

In the meantime negotiations looking to the sale of the ranch by the trustees were under way and were subsequently consummated. The lease was never signed by McNab or by the plaintiff. The appellant contends that these letters, taken in connection with the lease which was prepared by plaintiff's attorney, and referred to Davidson by McNab, prove an agreement on the part of McNab to execute the lease, which can be specifically enforced. The court below was correct in deciding to the contrary. To constitute a binding contract by correspondence, there must be a proposal squarely assented to. (*Wristen* v. *Bowles,* 82 Cal. 84, 87, [22 Pac. 1136].) In this case the correspondence indicates that the negotiations were not to be considered closed until certain investigations should be made to the satisfaction of the trustees. Consequently a concluded and accepted contract has not been shown. (*Pacific Rolling Mill Co.* v. *Riverside etc. Ry. Co.,* 90 Cal. 627, 632, 634, [27 Pac. 525]; *Brown* v. *San Francisco Savings Union,* 134 Cal. 448, [66 Pac. 592].)

The judgment is affirmed.

Beasly, J., *pro tem.,* and Richards, J., concurred.