[Crim. No. 558. Third Appellate District.—September 12, 1921.]

## THE PEOPLE, Respondent, v. ANTONE VITRO, Appellant.

[1] CRIMINAL LAW — SEDUCTION UNDER PROMISE OF MARRIAGE — EVIDENCE—SIMILAR OFFENSES.—In a prosecution for the crime of seduction under promise of marriage, evidence that the defendant indulged in frequent acts of sexual intercourse with the prosecuting witness after the commission of the act charged is admissible.

[2] ID. — NEW TRIAL — NEWLY DISCOVERED EVIDENCE — PREVIOUS UNCHASTITY OF PROSECUTRIX — QUESTION FOR TRIAL COURT. — In a prosecution for seduction under promise of marriage, where the only evidence admitted at the trial on the issue of the previous chaste character of the prosecuting witness is her own testimony that she had never had sexual intercourse with any other person prior to the act charged, it is for the trial court to determine the weight to be given to an affidavit of a third party, produced in support of a motion for a new trial, to the effect that the affiant had sexual intercourse with the prosecuting witness a few months prior to the act charged in the information.

APPEAL from a judgment of the Superior Court of Stanislaus County and from an order denying a new trial. L. W. Fulkerth, Judge. Affirmed.

The facts are stated in the opinion of the court.

L. J. Maddux and T. B. Scott for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The defendant appeals from a judgment of conviction of the crime of seduction, under promise of marriage, of an unmarried female of previous chaste character and from the order denying his motion for a new trial.

It is claimed that the evidence does not show that the prosecutrix was of previous chaste character. The prosecutrix gave her testimony through an interpreter and counsel and the interpreter at times fell into the bad practice of putting questions and answers in the third person. The prosecutrix testified: "I had sexual intercourse with the defendant," stating the time and place and that it was her first act of sexual intercourse with him. Thereafter the following testimony was given by her: "Q. Why did she permit the defendant to have sexual intercourse with her during January, 1919? Mr. Maddux: '18. Q. 1918. A. Promised to marry her. Q. Had you ever had intercourse with any other person before that time? A. No, sir." It is logically argued that the word "intercourse" does not necessarily mean "sexual intercourse," but, following as it does immediately after the use of the term "sexual intercourse" in the preceding question, there can be no doubt that the witness understood that "sexual intercourse" was meant.

[1] The court permitted the prosecution to prove, over the objection of the defendant, that he indulged in frequent acts of sexual intercourse with the prosecutrix after the commission of the act charged and up to February, 1920, and that she gave birth to a child October 8, 1920. It has so often been held that such evidence is admissible in the trial of· a defendant on a charge of illicit sexual intercourse that citation of authorities would be superfluous.

The defendant requested the court to give the following instruction: "Illicit intercourse permitted by a woman as a mere barter and ·trade for a promise of marriage is not seduction. There must be the exercise of certain influence on her affections by reason of the promise. (If in order to obtain an agreement from the defendant, the prosecuting witness permitted him to have sexual intercourse with her, then there is no seduction and the defendant should be acquitted.)" The court modified the proposed instruction by striking out the part inclosed in parentheses and gave it as so modified. The part stricken out states no rule of law not contained in the part given and, hence, the modification was not error.

[2] On his motion for a new trial the defendant produced the affidavit of one Emanuel Teixeira to the effect

that the affiant had sexual intercourse with the prosecuting witness in September, 1917, a few months prior to the time of the act charged by the information. In opposition to the motion the affidavit of the prosecutrix was introduced in which she denied that she ever had sexual intercourse with Teixeira. The affidavits of defendant and his attorneys were introduced, stating that they had made diligent effort to obtain the facts in connection with the case and that neither of them had learned of the facts stated in the affidavit of Teixeira until after the trial. The only evidence admitted at the trial on the issue of the previous chaste character of the prosecuting witness was her own testimony that she had never had intercourse with any other person prior to the act charged. It is thus apparent that the testimony of Teixeira, if worthy of belief, would be of vital importance in a retrial of the case. But "a motion for a new trial upon the grounds of newly discovered evidence has always been regarded by the courts with a great deal of suspicion and disfavor." (*People* v. *Freeman,* 92 Cal. 366, [28 Pac. 264].) "The question as to the effect upon the case of newly discovered evidence is from its nature peculiarly one that is addressed to the discretion of the trial court." (*People* v. *Oxnam,* 170 Cal. 215, [149 Pac. 167].) "It is well settled in this and many other states that not only may the facts of diligence and materiality be inquired into, but the truth of the evidence, itself, or the truth of the facts as alleged, as well as the weight thereof and the credibility of the witnesses, may be contested by counter-affidavits." (Haynes' New Trial and Appeal, rev. ed., p. 442.) "Upon the ground of newly discovered evidence it is sufficient to say that the affidavits offered in support thereof were fully contradicted by counter-affidavits on the part of the prosecution, and for that reason the court below exercised a proper discretion in refusing to grant the motion." (*People* v. *Fice,* 97 Cal. 460, [32 Pac. 532]; *People* v. *Sing Yow,* 145 Cal. 6, [78 Pac. 235].) In the case of *People* v. *Byrne,* 160 Cal. 225, [116 Pac. 525], the court said: "While a mere reading of the record in this case necessarily leaves one in grave doubt on the question of the defendant's guilt, there is certainly enough in the evidence to sustain the conclusion of the jury and trial judge who saw and heard the various

witnesses, and who were in a much better position to determine the truth than a court that does not possess such an advantage. An apparently very strong showing was made for a new trial on the ground of newly discovered evidence, but in the light of the well-settled rules applicable in the consideration of appeals from orders of trial courts denying such motions, we do not see how it can properly be held that the trial court abused its discretion in denying the motion.'' It was for the trial court to determine whether the prosecutrix or Teixeira told the truth relative to the facts stated in the latter's affidavit, and under the foregoing authorities that determination is conclusive on appeal.

The judgment and order appealed from are affirmed.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 10, 1921.

All the Justices concurred.