[L. A. No. 6727. In Bank.—June 17, 1922.]

ROBERT WAER, Respondent, v. CHARLES R. WAER
et al., Appellants.

[1] DEED—NONDELIVERY—CONFLICT OF EVIDENCE—APPEAL.—In an
action to quiet title to real property and to annul a recorded deed
thereto, a finding of nondelivery of the deed will not be disturbed
where there is a substantial conflict in the evidence.

[2] APPEAL—JUDGMENT—CONFLICT OF EVIDENCE.—A judgment may
not be reversed for insufficiency of evidence when the evidence
adduced upon the whole case is in conflict, although it may seem
to be against the weight of the evidence, and the appellate court,
if sitting in the place of the trial judge, might have found the
facts differently.

[3] NEW TRIAL—NEWLY DISCOVERED EVIDENCE—AFFIDAVIT—IMPEACH-
MENT OF TESTIMONY—INSUFFICIENCY.—An affidavit on a motion
for a new trial on the ground of newly discovered evidence which
merely narrates a statement of the plaintiff contradictory of
something he had testified to at the trial is impeaching in its
character and insufficient on appeal as the basis of a review of
the motion.

[4] ID.—ADMISSION AGAINST INTEREST—EFFECT OF AFFIDAVIT.—An
affidavit on a motion for a new trial of an action to set aside a
deed setting forth as newly discovered evidence an admission by
the plaintiff that he had deeded his property is not merely im-
peaching evidence, since it would have been competent evidence
upon the trial as a declaration against interest, even if the plain-
tiff had not been a witness in his own behalf, but it does not
follow that it was error to refuse a new trial on such an affi-
davit, where it was contradicted by the counter-affidavit of the
plaintiff.

[5] ID.—NEWLY DISCOVERED EVIDENCE—EFFICACY OF—DISCRETION.—The
question as to the efficacy of newly discovered evidence is pecu-
liarly one which is addressed to the discretion of the trial court,
and the exercise of such discretion will not be disturbed except in
case of manifest abuse.

[6] ID.—COUNTER-AFFIDAVITS—USE OF.—Not only is the introduction of
counter-affidavits proper and permissible upon the hearing of a
motion for a new trial grounded upon newly discovered evidence,
but the truth of the evidence itself, or the truth of the facts as
alleged, as well as the weight thereof and the credibility of the
witnesses, may be tested by counter-affidavits.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge. Affirmed.

The facts are stated in the opinion of the court.

Manning & Thompson for Appellants.

Walters & Mauk and A. Moore for Respondent.

LENNON, J.—The plaintiff in this action sought and secured a judgment quieting his title as against the defendants to certain real property and annulling a recorded deed thereto which purported to convey title therein to the defendants and to have been made and delivered by plaintiff to the defendants. Briefly stated, the facts of the case are these: The plaintiff, an elderly widower with several children, contemplating matrimony, made and signed a deed, giving to his children, the defendants herein, the title to the property in suit, reserving, however, to himself a life estate therein.

Plaintiff admitted that he had made the deed in question, but testified, as a witness in his own behalf, that he did not at any time deliver the same to the defendants, or any of them, and that after making the deed he placed it in a bureau drawer in his home from which it was surreptitiously taken by one of the defendants and recorded without his knowledge and consent. The defendants, on the other hand, claimed, and one of them testified, that the plaintiff had delivered the deed to the defendants a short time after its making. The trial court found that the deed had never been delivered and the controversy here involves in part the question as to whether or not the evidence adduced upon the whole case is sufficient to support this finding.

[1] Apparently the finding of the trial court was made and based upon the testimony of the plaintiff concerning the making of the deed coupled with evidence of the circumstances preceding, attending and following its making. The testimony of the plaintiff consists of much more than "mere general statements or assertions" and taken as a whole sufficiently supports the finding. Much may be said argumentatively against the persuasiveness of the plaintiff's testimony, but after all has thus been said there still re-

mains a conflict in the evidence adduced upon the whole case which cannot be dissipated by arguments which do no more than weigh the evidence upon which the findings in question rest and assail the credibility of the witness giving such testimony. [2] It is the well-settled and generally well-understood rule that a judgment may not be reversed for insufficiency of evidence when the evidence adduced upon the whole case is in conflict and that, upon appeal, with the evidence in that situation, no inquiry may be made concerning the preponderance of the evidence. The fact that a judgment may seem to this court to be against the weight of the evidence and that this court, if sitting in the place of the trial judge, might have found the facts different will not avail to obviate the application and operation of the rule. (*Webster* v. *Lowe,* 177 Cal. 385 [170 Pac. 850]; *Levi* v. *Chesley,* 178 Cal. 145 [172 Pac. 607]; *Ross* v. *Hancock,* 171 Cal. 64 [151 Pac. 1138]; *Lick* v. *Madden,* 36 Cal. 208, 213 [95 Am. Dec. 175]; *Heinlin* v. *Heilbron,* 97 Cal. 101 [31 Pac. 838]; *Meyer* v. *Great Western Ins. Co.,* 104 Cal. 381 [38 Pac. 82].) In the face of a substantial conflict in the evidence, in the instant case, the trial court's finding of nondelivery of the deed in controversy will not be disturbed.

[3] In support of a motion for a new trial grounded, in part, upon alleged newly discovered evidence, the defendants presented in evidence upon the hearing of the motion an affidavit of one Flora Smith, which alleged that in January, 1920, after the controversy over the deed had arisen, in a conversation with her concerning the loss of the deed, the plaintiff said that "it was taken out of his possession, that four or five days after the deed was executed he discovered the deed was gone, that Elva [meaning defendant, Elva Luella Smith] had seen the deed and notified Charles Waer [one of the defendants] and they had concocted to steal it and had stolen it." It was an admitted fact in the case that the deed in question had been made and signed by plaintiff on or about May 10, 1919, and upon the trial of the case plaintiff testified that he had not discovered the loss of the deed until December, 1919, at which time he had made a search for the deed and failed to find it. In so far as the affidavit immediately under consideration purported to narrate a statement of the plaintiff which

in effect was contradictory of something he had testified to at the trial it was impeaching in its character and, therefore, insufficient on appeal as the basis of review of a motion for a new trial, for it is the rule in this state that "newly discovered evidence which is merely . . . designed to contradict a witness is not of a character to warrant a new trial." (*People* v. *Anthony*, 56 Cal. 397; *Chalmers* v. *Sheehy*, 132 Cal. 459 [84 Am. St. Rep. 62, 64 Pac. 709]; *Hanton* v. *Pacific Electric Ry. Co.*, 178 Cal. 616 [174 Pac. 617].) Moreover, the affidavit in question, in addition to being impeaching in its nature, purported to embody evidence which had it been produced at the trial of the case would have had no probative force against the testimony of the plaintiff concerning the nondelivery of the deed, for the reason that it was in harmony with and corroborative of the plaintiff's testimony that the deed in question had been purloined from him and not by him or anyone in his behalf delivered to the defendants. Upon the whole, therefore, the affidavit in question, standing alone, was valueless as a support for the motion for a new trial.

[4] In addition to the affidavit last mentioned, the defendants offered and there was received in evidence upon the hearing of the motion for a new trial the affidavit of one Caroline Boring, which averred that plaintiff, subsequent to the time of the alleged delivery of the deed to the defendants, told her "that he had deeded his home and property to his children but that he had a home there as long as he lived and a pension and that if she would marry him she could have a home there as long as she lived." This alleged newly discovered evidence embodied a direct admission of the plaintiff that he had "deeded" his home to his children, and it would have been competent evidence in behalf of the defendants upon the original trial of the case because it tended to show declarations of the plaintiff which were against his interest. It was obviously material to the paramount issue in the case and it was not solely impeaching within the meaning of the rule which prevents the granting of a new trial where the newly discovered evidence is merely cumulative and impeaching. It was not solely impeaching, for it would have been admissible even if the plaintiff had not been a witness in his own behalf.

(Code Civ. Proc., sec. 1870; *Kenezleber* v. *Wahl*, 92 Cal. 202, 208 [28 Pac. 225].) But conceding all this and that it was not cumulative for the reason that it is not "additional evidence of the same character to the same point" (Code Civ. Proc., sec. 1838), nevertheless it does not follow that because the affidavit last in discussion did not fall within the inhibition of the rule which ordinarily rejects newly discovered evidence which is merely cumulative and impeaching that the court below erred in refusing to grant the defendants a new trial. [5] The question as to the efficacy of newly discovered evidence is peculiarly one which is addressed to the discretion of the trial court (*People* v. *Oxnam*, 170 Cal. 211, 215 [149 Pac. 165]), and the exercise of this discretion will not be disturbed except in case of a manifest abuse. (*People* v. *Sing Yow*, 145 Cal. 1 [78 Pac. 235]; *People* v. *Feld*, 149 Cal. 464 [86 Pac. 1100].) While the alleged newly discovered evidence, in the instant case, was competent and material and not solely impeaching and perhaps not cumulative and would probably have justified an order granting a new trial on the ground that such evidence was of sufficient importance as to render a different result likely on a retrial of the case, still the fact remains that the affidavit of Caroline Boring was contradicted by the counter-affidavit of the plaintiff. [6] Not only is the introduction of counter-affidavits proper and permissible upon the hearing of a motion for a new trial grounded upon newly discovered evidence (*People* v. *Fice*, 97 Cal. 459 [32 Pac. 531]; *People* v. *Sing Yow*, 145 Cal. 1 [78 Pac. 235]), but it is well settled that the truth of the evidence itself, or the truth of the facts as alleged, as well as the weight thereof and the credibility of the witnesses may be contested by counter-affidavits. (*People* v. *Vitro*, 54 Cal. App. 201 [201 Pac. 612].) The trial court in the instant case evidently balanced the affidavits one against the other and, deciding in favor of the credibility of the plaintiff's affidavit, denied the motion for a new trial. This being so, this court is not prepared to say that there was a manifest abuse of discretion on the part of the trial court in denying the motion for a new trial. The judgment is affirmed.

Lawlor, J., Wilbur, J., Shurtleff, J., Waste, J., Sloane, J., and Shaw, C. J., concurred.