[Civ. No. 5188. First Appellate District, Division One.—October 15, 1925.]

## PATRICK HOLLAND, Appellant, v. WILLIAM A. KELLY, as Executor, etc., Respondent.

[1] DEEDS—GIFT OF REAL PROPERTY—INCOMPETENCY—UNDUE INFLU-
ENCE—FINDINGS—EVIDENCE.—In this action to set aside an instru-
ment, in form a deed of gift to real property, on the grounds of
incompetency and undue influence, the evidence was sufficient to
support the findings in favor of defendant.

[2] ID.—CREDIBILITY OF WITNESSES—FINDINGS—APPEAL.—In such ac-
tion, the credibility of the witnesses was a question for the de-
termination of the trial court; and though it should appear to the
appellate court that other conclusions of fact might fairly and rea-
sonably have been drawn from the evidence, yet where a sub-
stantial conflict therein exists, and the conclusion of the trial court
finds reasonable support therefrom the rule is that its findings
cannot be disturbed on appeal.

[3] ID.—DELIVERIES OF LIQUOR—EXCLUSION OF TAGS — HEARSAY.—In
such action, the exclusion from evidence of tags purporting to
record deliveries of liquor by a liquor dealer to the home of the
maker of the instrument in question, offered by plaintiff as evi-
dence of the fact of such deliveries, was proper, where the
matters therein contained were not within plaintiff's knowledge,
but were the statements of a person not sworn as a witness or sub-
ject to cross-examination by the defendant, and were hearsay, and
the objection on the ground of their incompetency was properly sus-
tained.

(1) 4 C. J., p. 883, n. 33; 18 C. J., p. 443, n. 19, p. 445, n. 34.
(2) 4 C. J., p. 848, n. 36, p. 883, n. 33, p. 884, n. 39, p. 886, n. 47.
(3) 22 C. J., p. 199, n. 36, p. 205, n. 37, p. 207, n. 51, p. 209, n. 74.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. T. I. Fitzpatrick,
Judge. Affirmed.

The facts are stated in the opinion of the court.

W. E. Cashman and R. M. F. Soto for Appellant.

William A. Kelly for Respondent.

2. See 2 Cal. Jur. 926; 2 R. C. L. 204.
3. See 10 Cal. Jur. 1040.

CASHIN, J.—An action by Patrick Holland, appellant herein, to set aside an instrument, in form a deed of gift to certain real property situated in the city and county of San Francisco, purporting to have been executed on April 18, 1911, by Mary Anne Holland, then the wife of appellant, to Julia McCarthy, her maternal aunt. The latter, who was the original defendant in the action, has since died and William A. Kelly, as executor of her last will and testament, was substituted as defendant and respondent herein.

Appellant's wife at the time of her death, which occurred on May 7, 1911, was the owner of separate property which, not including the land involved in this action (the latter being also her separate property) was valued at more than one hundred thousand dollars, and to which, she having died intestate, appellant and a sister of deceased have become the sole heirs. The complaint alleged that the instrument in question was not in fact signed, acknowledged, or delivered by Mary Anne Holland; that she had been for a period prior to and including the date of the instrument addicted to the excessive use of intoxicating liquors; that due to such use her mind had become enfeebled to such an extent as to render her incompetent; that if such instrument had in fact been executed it was due to the acts and importunities of Julia McCarthy, who, aware of such enfeebled mental condition, contributed thereto by supplying and administering intoxicants to her niece that she might and did thereby and by undue influence induce the execution thereof. The allegations mentioned being denied, upon the trial of the issues the court found against appellant, and entered its judgment accordingly. From the judgment the appeal was taken.

Appellant contends that the findings and judgment are not supported by the evidence; that the court erred in sustaining an objection to the introduction in evidence of certain tags or slips purporting to record deliveries by a certain liquor dealer to Mary A. Holland of certain liquors and which tags were obtained by appellant from the dealer after the death of his wife.

Appellant with numerous witnesses, who had been neighbors and friends of himself and wife, testified to the use

74 Cal. App.—37

by the latter of alcoholic liquors for a period of nearly a year prior to her death; that she had been an invalid since the year 1908, and that after the death in February, 1911, of Vincent Holland, the only child of the marriage, she became greatly depressed and her use of liquor thereafter increased and became excessive; that Julia McCarthy became a frequent visitor at the house of appellant after the death of his son, assisted in caring for his wife, gratifying her craving for alcohol by supplying and administering liquor in excessive quantities, and that while under its influence by suggestion and requests procured the execution of the deed and the transfer from her niece to herself of a certain deposit account in a San Francisco bank.

From the testimony of these witnesses, if believed, the trial court might fairly have found for the appellant.

Defendant with her witnesses—many with the same opportunities for observation as the witnesses for appellant—testified with equal positiveness that the use of liquor by Mrs. Holland, though constant, was not excessive in quantity; that its use did not affect her competency; that she was competent to and did care for the affairs of her household and the business connected with her estate, was not subjected to undue or improper influences or solicitations by Mrs. McCarthy; that she had on different occasions voluntarily expressed a desire to make some provision for her aunt, and that on the occasion of the purported execution of the deed she was not intoxicated, and did sign, acknowledge and deliver the instrument as contended by respondent. Among these witnesses were two nurses who attended Mrs. Holland at different times during the period from December, 1910, to the date of her death, one of whom was in attendance on the day on which the deed was signed and whose testimony was in part corroborated by a real estate dealer who drafted the deed and a notary public whose certificate is thereto attached, who both testified that Mrs. Holland on the occasion of its execution was not intoxicated, and that she did, with an intelligent understanding of the nature and consequences of her acts, sign, acknowledge and deliver the instrument. Bearing upon the question of her mental condition is the testimony of a witness for the appellant, who testified that on the first day of April, 1911, he visited Mrs. Holland and was consulted

by her with reference to the preparation of her will; that she gave him instructions as to its preparation, stating her wishes as to the disposition of her property to be thereby made; that such instrument was prepared accordingly and read to her, and that its execution was deferred owing to her desire that appellant, who was not then present, should first see and read it. [1] The facts as testified by the witnesses mentioned, together with the testimony of others who, with more or less frequency, visited and conversed with Mrs. Holland during the months immediately preceding her death, created a conflict in the evidence on every material issue, and, being believed by the trial court, were sufficient to support the findings. [2] The credibility of the witnesses was a question for the determination of the trial court (Code Civ. Proc., sec. 1847; *Badover* v. *Guaranty Trust & Sav. Bank,* 186 Cal. 775 [200 Pac. 638]; *Crow* v. *Crow,* 168 Cal. 607 [143 Pac. 689]; *Dracovich* v. *Dracovich,* 53 Cal. App. 361 [200 Pac. 44]); and though it should appear to this court that other conclusions of fact might fairly and reasonably have been drawn from the evidence, yet where a substantial conflict therein exists, as here, and the conclusion of the trial court finds reasonable support therefrom the rule is well settled that its findings cannot be disturbed on appeal (*Waer* v. *Waer,* 189 Cal. 178, 180 [207 Pac. 891]; *Webster* v. *Lowe,* 177 Cal. 385 [170 Pac. 850]; *Levi* v. *Chesley,* 178 Cal. 145 [172 Pac. 607]).

[3] The tags mentioned above purporting to record deliveries of liquor to the home of appellant, offered by him as evidence of the fact of such deliveries, the matters therein contained not being within his knowledge, were the statements of a person not sworn as a witness or subject to cross-examination by the defendant, were hearsay, and the objection on the ground of their incompetency was properly sustained.

The evidence being sufficient to support the findings, and no error being shown, the judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 14, 1925.