[Civ. No. 3663. Third Appellate District.—February 5, 1929.]

G. A. NISSEN, Appellant, v. J. H. COULT et al., Respondents.

Frank A. Duryea for Appellant.

Warren Steel, Homer Lingenfelter, Jackson & Peterson, and Dohlin & Jackson for Respondents.

JAMISON, J., *pro tem.*—This is an action for damages brought by appellant against respondents Coult, Steel, and Eichler, directors of the Cordua Irrigation District, for their alleged negligence and misconduct and wilful violation of their duties as such directors, in failing, refusing, and neglecting to supply appellant with the water necessary to irrigate and mature his rice crop growing on land situated in said district. The National Surety Company being joined as party defendant because of the fact that it had executed bonds on behalf of said directors for the faithful performance of their duties.

The case was tried by the court sitting without a jury, and judgment was rendered in favor of respondents. The facts substantially are as follows: In the forepart of 1925, W. F. Cordes being then the owner of 632 acres of land situated in said irrigation district, entered into an agreement with F. W. Johnson for the sale of said land to him, and under said agreement Johnson took possession of the land. On February 10, 1925, Johnson leased all of the westerly portion of said land, being the part that had theretofore been cropped to rice, to appellant, who agreed to plant same to rice during the 1925 season. The amount of land so leased to appellant being 260 acres. Appellant claims to have planted some 212 acres of said land to rice, but claims that by the negligence and misconduct of said directors in failing to furnish him with the water to which he was entitled, he was able to mature a crop upon 90 acres only. In his opening brief appellant sets forth six specifications

of error, the first of which is that the evidence was insufficient to support the findings. The second, that the decision is against the law. And third, fourth, fifth, and sixth, that the trial court erred in finding that the lessor had not assigned to the lessee his water rights; that the trial court erred in not finding that the appellant was entitled to 220 inches of water; that it erred in finding that respondent directors were not guilty of negligence in the performance of their official duties, or otherwise; and in finding that the failure to pay the assessments on the Cordes ranch, justified the said directors in refusing and failing to deliver sufficient irrigation waters to the appellant.

We will first consider the question as to whether or not there is substantial evidence to support the finding of the court that the said directors were not guilty of negligence in the performance of their official duties, or otherwise, as claimed by appellant.

The trial court found that whatever damage was suffered by appellant to his rice crop during the irrigation season of 1925 was caused by the negligence, carelessness, and conduct of appellant and his employees; that while they attempted to prepare some 220 acres for rice, no proper work was done toward cleaning out the irrigation ditches on said land and placing same in condition to receive the water that came to said land, and apply and distribute same in a proper manner for rice growing. That it is not true that appellant suffered any damage that was caused, proximately or at all, by any negligence or misconduct, or wilful or other violation of the official duty of said directors, or of any of them, in failing, refusing, or neglecting to deliver irrigation water to appellant in any manner, or at all. There is substantial support for these findings in the testimony of Warren Steel, one of the respondent directors. He testified that in the beginning of the irrigation season in 1925 he saw and knew the condition of the Cordes land upon which appellant was preparing to grow the rice crop, and that the service ditch and checker ditches leading to and upon said land were foul with water-grass, wire-grass, tules, and different kinds of weeds, and that in the forepart of June, 1925, he told S. G. Meng, who was the employee of appellant having charge of the planting of said rice crop, that unless the ditches were cleaned out he would have difficulty all during

the irrigation season in irrigating the crop of rice, but that the ditches were not cleaned and remained in that condition during the whole season. This witness further testified that appellant, during the whole of the irrigating season of 1925, received for the irrigation of his crop of rice from 225 to 275 inches of water, and that if appellant had cleaned his ditches and handled the water properly, he would have covered his rice field with it. Defendants also produced evidence showing that at the beginning of the irrigating season, upon request of appellant, they caused a full head of water to be turned into the ditch leading to the land leased by him, but that by the failure of appellant to have a flume in said ditch in proper condition, the water escaped and did not reach his land. There was also evidence that water that should have gone to the rice crop of appellant was surreptitiously turned off and lost to appellant's land by users above him, and that when this was brought to the attention of the directors they adopted measures that prevented its recurrence.

The rule is well settled that findings based upon substantially conflicting evidence may not be disturbed by an appellate court. (*Hunt* v. *L. M. Field, Inc.,* 202 Cal. 701 [262 Pac. 730]; *Waer* v. *Waer,* 189 Cal. 178 [207 Pac. 891]; *Levi* v. *Chesley,* 178 Cal. 145 [172 Pac. 607]; *Webster* v. *Lowe,* 177 Cal. 385 [170 Pac. 850].) The trial court having found upon substantially conflicting evidence that the damage accruing to appellant's rice crop during the season of 1925 was not caused by any wilful violation of their duties by said directors, nor through any negligence or misconduct upon their part, we are of the opinion that we cannot do otherwise than affirm the judgment. ▮ There was evidence that during the irrigation season of 1925 the said directors sold 480 inches of the water belonging to said district for use upon lands lying outside of the district. Admitting that the directors were without legal authority so to do, yet, before such action upon their part can furnish ground for complaint upon the part of appellant in this action, it must appear that by such unauthorized act he has been deprived of water to which he was entitled.

By the findings of the court and by the testimony of Steel it appears that such action upon the part of the directors did

not prevent appellant from receiving all water to which he was entitled.

As our views as hereinbefore expressed are determinative of this appeal we deem it unnecessary to pass upon the other alleged errors of the trial court.

The judgment is affirmed.

Plummer, J., and Finch, P. J., concurred.