[Civ. No. 4359. Third Appellate District.—October 21, 1931.]

CHARLES A. O'NASH, Respondent, v. WILLIAM N. BOOTH, Appellant.

Butler, Van Dyke, Desmond & Harris for Appellant.

Downey & Chester and Sheridan Downey for Respondent.

PRESTON, P. J.—Action for damages for personal injuries. The cause was tried before a jury and resulted in a verdict and judgment in favor of the plaintiff for the sum of $10,000.

A motion for a new trial was made principally upon the ground of newly discovered evidence. The motion was denied. From the judgment entered upon the verdict defendant Booth prosecutes this appeal.

Plaintiff was severely and permanently injured in the right arm and shoulder on October 1, 1928, at the intersection of Nineteenth and Q Streets, in the city of Sacramento, when the automobile in which he was riding as a guest of defendant and appellant, collided with another automobile driven by a man by the name of Mulligan.

The sole contention made for a reversal of the judgment is that the trial court abused its discretion in denying appellant's motion for a new trial. The motion was heard upon the affidavit of one of the defendant's attorneys and upon the counter-affidavits of plaintiff and Dr. June B. Harris, which affidavits reveal substantially these facts:

This accident occurred on October 1, 1928, and the injuries received by plaintiff, according to his testimony and that of his physician, consisted of a severe injury to his right arm and shoulder, which totally and permanently incapacitated him from performing any manual labor of any kind. On July 12, 1930, about seventeen days after the trial, defendant's attorney discovered that plaintiff had received an injury to this same arm in Fresno on the third day of March, 1920, and that the subjective symptoms related by plaintiff to the various and several doctors who examined and treated him following this first injury in 1920, are very similar to the subjective symptoms related by plaintiff upon the trial of this action, and that he believes that the injuries

now complained of by plaintiff were traceable back to the injury received by plaintiff in 1920, and that if a new trial could be granted he would produce witnesses to substantiate said contentions. The affidavit of Mr. Desmond, one of defendant's attorneys, also avers:

"That the deposition of said plaintiff was taken . . . on the 9th day of November, 1929, . . . and at said time and . . . plaintiff testified that he had lost a portion of his left arm in a railroad accident many years ago, and that his right arm had not been injured in said railroad accident, but plaintiff failed to state at said time and . . . that his right arm had ever before been injured."

There was also offered in evidence, in support of the motion for a new trial, the record of the Industrial Accident Commission, which showed that plaintiff had received in 1922, $600 for the injury suffered on March 3, 1920.

In plaintiff's counter-affidavit he denied that defendant's attorney had ever asked him anything concerning the prior accident. This counter-affidavit also avers that the prior accident occurred more than eight years before the injury involved in this action and that within a few months after the settlement for that accident in 1922 his right arm had returned to its normal power and all vestige of every symptom of the injury had passed away, and since that time (July, 1922), and up to the time of the present injury, he was able to perform the usual and customary duties of a hoistman, which requires the most rigorous use of said arm and the muscles therein, and that for several years immediately preceding the accident here involved, he had suffered no pain and no disability of any kind or character in said arm, etc.

There was also presented to said court in opposition to the motion for a new trial the affidavit of Dr. June B. Harris, which reads in part as follows:

"He (Dr. June B. Harris) is a physician and surgeon, and the identical J. B. Harris who testified on behalf of the plaintiff herein upon the trial of this action heretofore held. That he has read the affidavit of Gerald M. Desmond herein filed, and considered the matters and things therein set forth.

"Even assuming that there had been introduced upon the trial of said action testimony concerning the injury to said plaintiff upon the 3d of March 1920 as set forth in the

affidavit of said Gerald M. Desmond his testimony concerning the injury and its effects, sustained by the said plaintiff in the automobile accident in 1928, would not have been changed.

"Even assuming as true the matters and things set forth in the affidavit of the said Gerald M. Desmond, he is now of the present opinion that all of the symptoms and disability now affecting the arm of the said plaintiff came from the effects of the injury received in the automobile collision and in no way relates to the prior accident in 1920.

"That when he examined the said plaintiff, as testified to upon said trial, he observed a scar upon the injured arm of said plaintiff, who then and there stated to him that the same had resulted from a scald received by him several years prior to said automobile accident."

The question as to the efficacy of newly discovered evidence is peculiarly one which is addressed to the discretion of the trial court, and the exercise of this discretion will not be disturbed except in a case of manifest abuse. The authorities supporting this well-settled rule are legion and we shall only cite *Waer* v. *Waer*, 189 Cal. 178 [207 Pac. 891].

We are not convinced that such an abuse of discretion has been shown in this instance. In fact, taking the entire situation as it was presented to the trial court on the motion for a new trial, we are fully satisfied that the learned trial court exercised its discretion wisely in denying the motion.

The judgment is affirmed.

Plummer, J., and Thompson (R. L.), J., concurred.