[Civ. No. 14477. Second Dist., Div. One. Nov. 20, 1944.]

CHIN SHARE WING, Respondent, v. CALIFORNIA BANK (a Banking Corporation), Appellant.

Finlayson, Bennett & Morrow, Swanwick, Donnelly & Proudfit and Donald O. Welton for Appellant.

Harry M. Irwin for Respondent.

DRAPEAU, J., pro tem.—In February of 1941 the defendant bank issued and delivered to three Chinese, drafts on Hong Kong, China, for value paid to the bank. The Chinese kept the drafts until November, 1941, when they were endorsed and delivered back to the defendant. The Chinese alleged that this latter transaction was a parol sale to the defendant; the defendant alleged that it took the drafts for collection. The business under consideration was conducted for the bank by a Chinese teller, and the conversations between him and the other Chinese were in the Chinese language.

Upon delivery of the drafts, the bank transferred them to American Express Company for collection. Then Japan attacked the United States and war ensued between Great Britain and Japan; later Hong Kong fell to the Japanese, and the drafts became unpresentable and uncollectible, at least for the duration of the war. American Express Company on a stipulated judgment recovered from the defendant in the present action, leaving the issue above stated to be tried as between the Chinese and the bank. The action is brought in the name of only one plaintiff because of assignments to him by the other two.

The trial court found that the drafts were purchased by the bank for the plaintiffs, and judgment was rendered accordingly. Therefore, all that this court is required to do is to ascertain whether or not there is any substantial evidence which will support the findings and judgment. The three Chinese, holders of the drafts, each testified that the transaction was a purchase, and was not for collection only. The

Chinese teller admitted that in his talk with the other Chinese the words in the Chinese language used by the parties were "purchase" and "sale," and that Chinese words denoting "collection" were not used.

The most serious question in the case is the effect of receipts issued for the drafts by the bank to the Chinese in which the following recital appears: "all these drafts are subject for final payment." But the receipts were not the only evidence presented to the trial court. Whatever the effect thereof, standing alone, may have been, when considered along with the other testimony in the case, the receipts are not conclusive upon the issues involved. (*California Packers Co.* v. *Merritt Fruit Co.*, 6 Cal.App. 507, 511 [92 P. 509]; *Hiroshima* v. *Bank of Italy*, 78 Cal.App. 362 [248 P. 947]; *Greer* v. *Los Angeles Athletic Club*, 84 Cal.App. 272, 276 [258 P. 155].) Therefore, it appears that there is substantial evidence supporting the judgment, making it necessary, as a matter of law, that it be affirmed by his court. (*Waer* v. *Waer*, 189 Cal. 178, 180 [207 P. 891]; *Estate of Winzeler*, 42 Cal.App.2d 246, 248 [108 P.2d 720]; *Whitcomb* v. *Emerson*, 46 Cal.App.2d 263, 270 [115 P.2d 892].)

Appellant next questions the sufficiency of the complaint. The complaint was first framed on the theory of sale and purchase. The case was tried on that issue, by a jury, which rendered its verdict for the plaintiff. This verdict was set aside by the trial judge. On the second trial, after a jury had been impaneled and sworn, plaintiff presented an amendment to the complaint, alleging that the Chinese agent of the bank did not read to the Chinese the words "all these drafts are subject to final payment"; that the Chinese were not able to read or understand English; and that the teller did not advise them of the purport or meaning of these words. Upon filing the amendment to the complaint, the court determined it converted the case from one of law to an equity action, and discharged the jury.

A reading of the complaint as amended upholds the ruling that it states a cause of action.

Then appellant contends that in any event the Chinese teller was not clothed with ostensible authority to bind the bank to a parol sale. To resolve this contention we must again apply the same rule: If there is substantial evidence to support the finding of the trial court, the appellate court is bound by it. In this respect the evidence shows that the teller con-

ducted the business of the bank generally with Chinese customers in the Chinese language. Therefore the trial court had the right to draw the inference that his authority was not so narrow as appellant contends.

 Finally complaint is made that the trial court erred in admitting testimony to vary the terms of the written contract as evidenced by the written receipt. As stated, the receipt was only a part of the evidence in the case. Standing alone it was not conclusive evidence of the transaction.

In the briefs on appeal, defendant presents an additional theory, to wit: that the transaction was a bailment of the drafts with an agreement to collect them and that title was to pass only when the money was remitted from Hong Kong. While possibly this theory, now presented for the first time, need not be considered by this court, it would not be controlling in any event, because of the finding and judgment of the trial court that there was a sale.

The judgment is affirmed.

York, P. J., and White, J., concurred.

A petition for a rehearing was denied December 11, 1944, and appellant's petition for a hearing by the Supreme Court was denied January 18, 1945.