[Civ. No. 4831. Second Appellate District, Division One.—February 11, 1927.]

JENNIE BATES, Respondent, v. UNITED CONSTRUCTION COMPANY (a Corporation) et al., Defendants; W. G. MAGOON et al., Appellants.

[1] CONTRACTS—RESCISSION—FALSE REPRESENTATIONS — CONCLUSIONS OF LAW—JUDGMENT.—In this action for rescission arising out of a transaction wherein plaintiff was induced through false representations to enter into a contract to have a building erected and, as part of such transaction, she transferred to defendants a conditional sales contract upon which there was a large amount of money due her, the judgment in favor of plaintiff was not invalid

because there was no conclusion of law stating that a rescission had been effected and the judgment failed to use the word "rescission," where the findings of fact and conclusions of law showed a right of rescission and the judgment did decree that plaintiff was entitled to have returned to her the conditional sales contract.

[2] ID.—VALUE OF PROPERTY—EVIDENCE—FINDINGS. — In such action, where the findings contained many references to the value of said conditional sales contract, and the evidence was such that no other or different meaning could be attached thereto than that the intention of the court, as measured by the entire findings, conclusions of law, and judgment, was that the value of such contract was a stated sum, the failure of the trial court to make a clean-cut statement that the value of such contract was said stated sum was not reversible error.

[3] ID.—JOINT ACTORS — EVIDENCE — FINDINGS. — In such action, the decision of the question as to whether all the defendants were acting in concert was, · on the evidence, primarily for the trial court to determine, and the appellate court was bound by the conclusion of the trial court that the defendants and each of them received the conditional sales contract in question "as principals."

[4] ID.—FRAUDULENT PROMISES—EVIDENCE—FINDINGS.—In such action, the evidence showing the conduct of, and the statements made by, each of the defendants before and after procuring plaintiff's signature to the building contract, together with the evidence showing that the building was never financed or constructed as agreed, justified the trial court in concluding and finding that defendants made fraudulent promises with no intention of performing them.

[5] ID. — REPRESENTATIONS OF AGENCY — EVIDENCE. — In such action, while the evidence failed to show that defendants made a representation in so many words that they were acting as "agents" for plaintiff, plaintiff's testimony as to her conversations with defendants justified the finding that defendants made such representation.

[6] ID. — RELIANCE UPON PROMISES — EVIDENCE. — In such action, the testimony of plaintiff constituted substantial evidence sufficient to support the findings of the trial court to the effect that plaintiff relied upon the several promises and representations made to her by defendants, that she was deceived thereby and was thereby induced to sign the building contract and to deliver the conditional sales contract to defendants.

---

6.   See 12 R. C. L. 431; 12 Cal. Jur. 827.

[7] ID.—ABSENCE OF CONSIDERATION—FAILURE TO PERFORM—CONSTRUCTION OF FINDINGS.—In such action, the promise on the part of defendant to construct the building was consideration for the delivery of the conditional sales contract to defendant; but the finding of the trial court that "no consideration, either in part or in whole, was ever given to plaintiff by defendants for the . . . conditional sales contract assigned by plaintiff to them," when read in connection with the entire body of the findings, conclusions of law, and judgment, was not intended to convey the idea of absence of such consideration, but only that plaintiff delivered the conditional sales contract to defendants and that they failed to carry out the building contract or any part thereof, and as thus construed such finding was not subject to the objection that there was no evidence to support it.

[8] ID.—KNOWLEDGE—CONFLICTING TESTIMONY—DISCRETION—APPEAL. In such action, plaintiff's testimony having been legally sufficient to justify the conclusion and finding as to the receipt of plaintiff's property by defendants with knowledge and notice of the fraud and of plaintiff's claims, notwithstanding testimony by defendants to the contrary, the question of the weight to be given to plaintiff's testimony was a matter within the discretion of the trial court, and in the absence of an abuse of that discretion the conclusion of the trial court was conclusive on appeal.

---

(1) 9 C. J., p. 1260, n. 81; 34 Cyc., p. 1628, n. 13.    (2) 4 C. J., p. 1060, n. 12.    (3) 4 C. J., p. 883, n. 33; 9 C. J., p. 1256, n. 28 New; 41 C. J., p. 70, n. 98.    (4) 9 C. J., p. 1256, n. 12; 41 C. J., p. 70, n. 98.    (5) 9 C. J., p. 1256, n. 12; 41 C. J., p. 70, n. 98.    (6) 4 C. J., p. 878, n. 82; 9 C. J., p. 1256, n. 12; 41 C. J., p. 70, n. 98.    (7) 9 C. J., p. 1256, n. 19; 41 C. J., p. 70, n. 98.    (8) 4 C. J., p. 844, n. 66, p. 885, n. 39.

APPEAL from a judgment of the Superior Court of Los Angeles County. Carlos S. Hardy, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. W. Stahl, Jarrott & Jarrott and James S. Jarrott for Appellants.

Davis & Thorne and Tillman E. Justice for Respondent.

HOUSER, J.—The action upon which the appeal herein was founded contained three counts, the first being for money had and received and each of the two others for rescission of the contract. Briefly, but in substance, the

findings of the court show the following basic facts: That all the defendants represented to plaintiff that if she would sign a certain building contract to be entered into between her and United Construction Company and turn over to defendants her equity of $8,500 in a conditional sales contract covering property theretofore owned by plaintiff, the defendants would finance, or cause to be financed, and construct the building referred to in the building contract which they wished plaintiff to sign; that plaintiff relied upon such representations, signed the said contract and turned over to defendants as first payment thereon the conditional sales contracts upon which was then due to plaintiff the sum of $8,500; that defendants Magoon and Salomon represented to plaintiff that each of them was acting as plaintiff's agent and that no commission would be charged for services rendered in that behalf, but that each of the defendants received the conditional sales contract as a principal; that the building proposed to be constructed by defendants was never built nor financed by either or all of the defendants, or by any other persons; that each of the said representations made by defendants was false, and that upon such discovery by plaintiff she immediately demanded of defendants the return to her of the said conditional sales contract in the sum of $8,500; that plaintiff offered to return to defendants everything of value received by plaintiff from defendants, and served on defendants notice of rescission of said building construction contract, but that defendants refused to deliver or return to plaintiff said $8,500 conditional sales contract, or any part thereof, or any money paid or due thereon; that "defendants and each of them knew of the claims of plaintiff on the defendant the United Construction Company, and the United Construction Company and defendant W. G. Magoon received, with the exception of $500, the entire benefit and total value of the $8,500 conditional sales contract; that the other $500 remaining value of the same was received by defendant Elmer Salomon; that each of them received the same with due notice and a full knowledge of the fraud on plaintiff's claims."

On such findings and on conclusions of law made thereon by the court, judgment was ordered in favor of plaintiff and against the defendants for the return to plaintiff of the

$8,500 conditional sales contract, or, as an alternative, in the event of inability of said defendants to deliver said contract to plaintiff, damages against United Construction Company and W. G. Magoon in the sum of $8,500, and as against defendant Elmer Salomon, damages in the sum of $500. It is from such judgment that defendants Magoon and Salomon prosecute the appeal herein.

[1]   The first point presented by appellants is that the judgment is invalid for the reason that "it is for the recovery of money as return of consideration on an action for rescission, while the judgment does not adjudge a rescission."

As applied to a contract, the word "rescission" may be defined as the act of abrogating, canceling, vacating, or annulling it; or, as illustrated by section 1688 of the Civil Code, "a contract is *extinguished* by its rescission." While in terms the judgment fails to use the word "rescission," among other things it does decree that, in accordance with the findings of fact and conclusions of law, plaintiff is entitled to have returned to her the conditional sales contract which formed the subject matter of the action; which was a sufficient indication that, so far as the trial court was concerned, the building contract under the terms of which plaintiff delivered to defendants the conditional sales contract, was annulled and vacated. There is no "magic" in the use of a particular word to convey a thought, and it is apparent that the facts found by the trial court and the judgment rendered thereon mean nothing other than that the contract between the parties was "extinguished" or rescinded.

Appellants' next contention, to wit, that "there is no conclusion of law stating that a rescission has been effected," is subject to the same conclusions as are applied to the preceding point made by appellants.

[2]   It is next urged by appellants that because no direct finding was made by the trial court as to the value of the consideration paid by plaintiff to the defendants, the judgment is not supported by the findings. As a matter of fact, the findings contain many references to the value of the conditional sales contract, including the finding that on such contract "there was due and owing plaintiff the sum of $8500"; also that "there was due the plaintiff after one

installment had been paid, the sum of $8500." Furthermore that "The defendants and each of them knew of the claims of plaintiff on the defendant the United Construction Company, and the United Construction Company and defendant W. G. Magoon received, with the exception of $500, the entire benefit and total value of the $8,500 conditional sales contract. That the other $500 remaining value of the same was received by defendant Elmer Salomon. . . . "

While, strictly speaking, it may be said that none of such findings makes a clean-cut statement that the value of the conditional sales contract was $8,500; nevertheless it is clear that no other or different meaning could be attached thereto than that the intention of the court, as measured by the entire findings, conclusions of law and judgment, was that the value of such contract was the sum of $8,500. It is apparent that had any express finding been made by the court as to the value of the contract, it would have been that the said contract was worth $8,500. The rule is that where it satisfactorily appears that had an omitted finding been made it necessarily would have been adverse to appellant, he cannot avail himself of the failure to make such finding as a ground for a reversal of the judgment. (*Hulen* v. *Stuart*, 191 Cal. 562, 572 [217 Pac. 750]; *Krasky* v. *Wollpert*, 134 Cal. 338, 342 [66 Pac. 309]. See, also, 24 Cal. Jur., sec. 188, p. 944, and cases there cited.)

[3] Appellants also complain that each of several of the findings of the court is not supported by the evidence. The first of such objections is to the finding "that said defendants and each of them received said conditional-sales contract as principals." Without quoting the evidence with reference thereto at length, it may suffice to state that it appears to be sufficient in that it shows that prior to the execution of the building contract and the delivery to the defendants of the conditional sales contract all the defendants had together discussed in detail the proposition, including the manner in which it should be handled; that each of the defendants was much interested in the outcome of the negotiations in the matter, and within four days after the building contract was signed defendant Magoon purchased the conditional sales contract from the defendant United Construction Company at a discount of $1,000 from its face value, and defendant Salomon received $500 for services rendered by him

in connection with the execution of the building contract. While some evidence was offered tending to offset such facts, the decision of the question as to whether the defendants were acting in concert was one primarily for the trial court to determine, from which it follows that this court may not interfere with the conclusion reached thereon.

[4] Within the general contention that the findings are not supported by the evidence is the specification of error as to the finding that Magoon and Salomon made fraudulent promises with no intention of performing them. The intention of either or both of such defendants in the premises could be ascertained principally from the conduct of, and the statements made by, each of them. From the facts to which reference heretofore has been had, together with the additional circumstances that before the building contract was entered into defendants Magoon and Salomon advised plaintiff to get the conditional sales contract out of her hands just as quickly as possible and that then the Construction Company "would sign it over in haste"; also that after the building contract was executed each of defendants consistently avoided plaintiff; and as a finality, that the building was neither financed nor constructed—it would appear that the evidence was sufficient to justify the trial court in its conclusion as to the intention of the defendants.

[5] It is also urged by appellants that the finding that they further represented to plaintiff that they were acting as her agents and would charge no commission for their services, and that plaintiff could rely absolutely upon the representations made by said defendants to plaintiff, had no support in the evidence.

While the transcript of the proceedings fails to show that defendants Magoon and Salomon made a representation in so many words to plaintiff that they were acting as "agents" for plaintiff, nevertheless, plaintiff testified that "they promised to get me a contractor who would obtain a loan for me and there would be sufficient funds, . . . " Furthermore, as testified by plaintiff:

"Well, he just said through friendship—I had been going to Mr. Salomon for five years for advice—he said just through friendship he would be willing to find somebody for me; he was to lease the building and get his commission for that; he was not to receive anything from this deal."

"Q. Did Mr. Magoon say anything with reference to that? A. The same things—all three talked together."

It would therefore appear that the statement in the findings that said defendants represented that they were acting as plaintiff's agents in effect is supported by the evidence. As to the remainder of the finding to which objection is made, appellants contend that it constitutes a promise and that in order that such promise be fraudulent as to plaintiff it must be shown that it was made without any intention of performing it (sec. 1572, Civ. Code)—which objection involves a question which has heretofore received consideration herein, whereby it has been attempted to show that the evidence was sufficient to warrant the conclusion here under consideration.

[6] Under the same general heading appellants make further specification of error to the effect that the evidence was insufficient to support the findings by the court in substance that plaintiff relied upon the several promises and representations made to her by the defendants; that she was deceived thereby and was thereby induced to sign the building contract and to deliver the conditional sales contract to the defendants—together with other findings identical in meaning with those which heretofore have received consideration herein. No special argument is made by appellants with reference thereto other than the statement in effect that the weight of the evidence was against the conclusion that plaintiff relied upon the representations made by the defendants. The testimony of plaintiff in this regard includes the following:

"Q. Now, did Mr. Magoon ever state anything with reference to you receiving the advice of anybody else other than himself? A. He objected to my taking Dr. Hudson with me. Q. What did he say? A. He and Mr. Salomon both said to rely absolutely on their judgment, not to listen to him. Q. To whom? A. To Dr. Hudson. He said if I would listen to them, and do as they said, I would come out all right—which I did do. Q. Did you follow the advice of Mr. Magoon and Mr. Salomon? A. I certainly did. I have already answered that."

It is therefore clear that some substantial evidence was presented to the trial court upon which to base the finding to which exception is taken, and the authorities are practi-

cally unanimous on the point that such a showing is sufficient.

[7]  In addition to the findings which have already received consideration herein, appellants contend that there was no evidence to support the finding: ''That no consideration, either in part or in whole, was ever given to plaintiff by defendants for the $8500 conditional sales contract assigned by plaintiff to them.''

In one sense, as is suggested by appellants, the promise on the part of defendants to construct the building was consideration for the delivery of the conditional sales contract; but manifestly such a construction on the acts of the parties is not what is meant by the finding in question. The context of the entire body of the findings, conclusions of law, and the judgment plainly indicates that the significance to be attached to the finding under consideration is that plaintiff delivered to defendants the $8,500 conditional sales contract and that defendants failed to carry out the building contract or any part thereof. So construed, the finding to which objection is made would appear to be correct and not subject to the criticism to which reference has been had.

[8]  It is also urged by appellants that the evidence was not sufficient to support one of the findings which declares that each of the defendants had knowledge of the claims of plaintiff on the United Construction Company; notwithstanding which said Construction Company and defendant Magoon, with the exception of $500, received the entire benefit and total value of the $8,500 conditional sales contract, and that the remaining $500 of the conditional sales contract was received by the defendant Salomon; and that each of said defendants received the same with due notice and full knowledge of the fraud and of plaintiff's claims.

An examination of the evidence discloses the fact that the most that may be said in favor of such contention on the part of appellants is that the evidence touching such finding is conflicting. If the trial court gave full credence to plaintiff's testimony (which it had the right and power to do), there can be no doubt but that the finding was correct and truly represented the facts with reference thereto. That was a matter which rested within the discretion of the trial court. Unless such discretion was abused,

this court has no authority to disturb the conclusion reached. No direct claim is made by appellants to. the contrary; nor is this court impressed with the implied suggestion that the discretion of the judge of the trial court was not wisely exercised.

Without in any manner touching upon the sufficiency of the findings and the evidence to sustain the judgment on the common count of money had and received, it sufficiently appears that, considering the question solely from a standpoint of any alleged errors with reference to the counts having to do with rescission, a conclusion free from errors prejudicial to appellants was rendered by the trial court. It is therefore ordered that the judgment be and it is affirmed.

Conrey, P. J., and York, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 11, 1927.