[Civ. No. 5653. First Appellate District, Division One.—February 24, 1927.]

M. STRANSKY, Appellant, v. M. C. CALLAN, Respondent.

[1] BROKER'S COMMISSIONS — CONTRACTS — PERFORMANCE—FINDINGS— CONFLICTING EVIDENCE—APPEAL.—In an action to recover a broker's commission, the findings of the trial court that the broker did not, within the life of the contract or at any time thereafter, procure a purchaser ready, able, and willing to make the purchase under the terms of the authorization and that no purchaser had been presented by the broker to defendant, and that the broker did not within the life of the contract or at any time notify defendant that he had entered into a contract of sale concerning the property and that no such agreement was ever brought to the attention of defendant, are conclusive on appeal, where such findings are based on conflicting evidence.

[2] ID.—FINDINGS — EVIDENCE — APPEAL.—It is only in cases where there is no evidence to sustain a finding or where it can be said, as a matter of law, that the evidence is insufficient to sustain it, that the appellate court has jurisdiction to consider the evidence. It is the exclusive province of the trial court to determine the credibility of the witnesses, and from the conflicting evidence determine the disputed fact.

(1) 4 C. J., p. 844, n. 68, p. 883, n. 33.   (2) 4 C. J., p. 844, n. 66, p. 880, n. 96.

APPEAL from a judgment of the Superior Court of San Mateo County. George H. Buck, Judge. Affirmed.

The facts are stated in the opinion of the court.

Hugh K. McKevitt for Appellant.

Franklin Swart for Respondent.

TYLER, P. J.—Action to recover a broker's commissions for the sale of real property.

The complaint alleges in substance that on the fourteenth day of October, 1924, defendant entered into a contract in writing with plaintiff's assignor, one James W. Doherty,

2.   See 2 Cal. Jur., Appeal, sec. 543.

by the terms of which Doherty was given an exclusive contract for a period of three months to sell and enter into and sign a written contract in defendant's name for the sale and conveyance of certain real property owned by defendant and which is situated partly in San Francisco and partly in San Mateo County. The price at which the property was to be sold was the sum of $14,000, and defendant, under the terms of the agreement, agreed to pay as a commission for such sale a sum equal to five per cent on the first $5,000 and two and one-half per cent on the balance of such sum. Thereafter, on the tenth day of January, 1925, and while said authorization was in full force and effect, so it is alleged, Doherty found a purchaser ready, able, and willing to purchase such property at the price fixed, and such purchaser and Doherty, on behalf of defendant, made and executed an agreement in writing by the terms of which said purchaser agreed to purchase and Doherty, on behalf of defendant, agreed to sell the property for the sum named; that thereafter defendant refused to comply with his agreement, by reason of which refusal defendant became indebted to Doherty for the agreed commissions, amounting to the sum of $475, for which amount judgment was prayed for. Defendant by answer admitted entering into an agreement to sell the property, but denied on information and belief that by said agreement he ever authorized Doherty to enter into or sign a contract in his name for such sale. He also denied that Doherty at any time found a purchaser ready, willing, and able to purchase the property, or that Doherty had ever entered into any agreement with any person or purchaser, as alleged in the complaint. At the trial, plaintiff presented evidence to show that he had obtained a purchaser who was ready, able, and willing to make the purchase, if the title to the property to which objection had been made could be perfected. No claim was made that the purchaser was ever personally presented to defendant, but evidence was introduced by plaintiff to show that a letter had been written by Doherty and mailed by him advising defendant of the sale. Defendant, on the other hand, testified positively that he never had received any notice or any communication from Doherty concerning the matter, and that no claim for any commission was made upon him until the filing of the

suit. **[1]** The trial court found in substance that Doherty did not, within the life of the contract or at any time thereafter, procure a purchaser ready, able, and willing to make the purchase under the terms of the authorization and that no purchaser had been presented by Doherty to defendant. It further found that Doherty did not within the life of the contract or at any time notify defendant that he had entered into a contract of sale concerning the property and that no such agreement was ever brought to the attention of defendant. The case is one which presents a conflict in the evidence. The finding of the trial court is, therefore, conclusive here. **[2]** It is only in cases where there is no evidence to sustain a finding, or where it can be said, as a matter of law, that the evidence is insufficient to sustain it, that this court has jurisdiction to consider the evidence. It is the exclusive province of the trial court to determine the credibility of the witnesses, and from the conflicting evidence determine the disputed fact. Those principles have been so often reiterated that they have become trite.

The judgment is affirmed.

Cashin, J., and Knight, J., concurred.