[Civ. No. 4844.  Second Appellate District, Division One.—May 27, 1927.]

SEARS ROBERTS HEADLEY et al., Appellants, v. HENRY VAN GINKEL et al., Respondents.

[1] LAND TITLE ACT—FRAUD—STATUTE OF LIMITATIONS.—A petition to set aside an order rendered in a proceeding under the so-called Land Title Law (Stats. 1915, p. 1932) for the registration of land on the ground of fraud, is not barred by the limitation of section 37, although more than one year had elapsed after registration, where the petition was filed within three years, it being provided by section 338 of the Code of Civil Procedure that an action for relief for fraud may be commenced within three years after discovery by the aggrieved party of the facts constituting the fraud.

[2] FRAUD — PLEADING — INSUFFICIENT ALLEGATION OF FRAUD.—In an action arising out of fraud, the bare allegation of fraud in the complaint is insufficient without alleging the facts on which the conclusion of fraud may be based.

[3] ID. — LAND TITLE ACT—REGISTRATION OF LAND—FINDINGS.—In an action to set aside an order for registration of land under the Land Title Law on the ground of fraud, the findings were not insufficient because the trial court made no direct finding of fraud, where the facts established by the findings showed that defendant was guilty of fraud.

(1) 37 C. J., p. 929, n. 1.  (2) 31 Cyc., p. 55, n. 12.  (3) 34 Cyc., p. 605, n. 56.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Arthur Keetch, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Loenholm & Bell for Appellants.

J. E. Ricketts for Respondents.

HOUSER, J.—This is an appeal from a judgment in a suit brought for the purpose of setting aside an order there-

1.  See 1 Cal. Jur. 678.
2.  See 12 Cal. Jur. 800; 12 R. C. L. 416.
3.  See 12 Cal. Jur. 839.

tofore rendered in a proceeding instituted under the so-called Land Title Law (Stats. 1914 [1915], p. 1932), for the registration of land, by which order a former order made in the same proceeding was vacated.

Briefly stated, the history of the matter is as follows: By virtue of an appropriate proceeding, a decree was rendered by which certain land apparently belonging to the plaintiff herein was duly registered. Seventeen months thereafter, on the ground of fraud as to him, the defendant herein petitioned in said proceeding for the cancellation of the order formerly made therein and for equitable relief in the premises. Following a hearing in said matter, the order originally made in said proceeding was vacated and a new order was made affecting the title of the properties of the respective parties. After the lapse of a period of more than eleven months following the date of the order last made, the instant action was commenced for the purpose of canceling the second order made in the Land Title Law proceeding, which action, as hereinbefore indicated, resulted in a judgment by which the cancellation of the said second order was denied. It is from such judgment that the appeal is taken herein.

In effect appellants contend that the trial court was without jurisdiction to make the said second order and that it should be set aside for the reason that it is void on its face. The reasons assigned by appellants for the invalidity of the second order, in substance, are that the statute (sec. 45 of Stats. 1914 [1915], p. 1932), places a limit of one year on the time for the bringing of an ordinary action for the recovery of any interest in land after its "first registration"; that by section 37 of the same act it is provided that in case of fraud, the same rights are available to the person defrauded as he "would have had if the land were not under the provisions of this act"; and that although in the complaint of plaintiff fraud was pleaded, no findings of fraud, as such, were made by the trial court.

More than one year having elapsed after the "first registration" before the defendants herein petitioned the court for an order vacating the first order made in the registration proceedings, by the terms of the statute it is plain that unless fraud was pleaded and proved in the petition which was filed by the defendants herein, the defendants would

have had no standing in court. The petition, however, after setting forth the several facts which the petitioners alleged constitute ground for the relief for which they prayed, contained the allegation:

"That the facts hereinbefore alleged constitute a fraud on the court and these petitioners.

"That the decree aforesaid and land certificate No. 16044 were obtained by fraud as alleged and are null and void as against them."

[1] By such allegation, assuming that the facts stated in the petition were sufficient to constitute an allegation of fraud, the petition was brought squarely within the purview of the provisions of section 37 of the statute (Stats. 1914 [1915], p. 1932), which in such circumstances purports to accord to petitioners the identical rights which they "would have had if the land were not under the provisions of this act." As section 338 of the Code of Civil Procedure provides in effect that an action for relief on the ground of fraud may be commenced within three years after discovery by the aggrieved party of the facts constituting the fraud, and as it appears that the petition was filed within such statutory period, it becomes clear that any point as to the time when the proceeding was commenced by the petitioners for the relief claimed by them is unavailing to appellants.

The remaining point affects the question of the sufficiency of the findings on the question of fraud to support the said second order made by the court. It is not contended by appellants that the facts alleged in the petition were insufficient to support the conclusion of fraud therein contained and hereinbefore set forth. Indeed, in the brief filed by appellants the following statement may be found: "The petition of Van Ginkel to set aside the original registration alleges fraud. But the court denied said petition and made no finding of fraud, . . . " Neither is any complaint made by appellants that the evidence adduced on the hearing was insufficient to support a finding of fraud had the court seen fit to make such direct finding, nor that the facts as found are not the equivalent of such a finding. Consequently it must be taken as admitted that the pleading and the proof were sufficient in all respects; the only thing lacking, according to the intent and purpose of the contention made by

appellants, being that the court made no direct finding of fraud committed by the appellants in the premises.

[2] In an action arising out of fraud it is thoroughly established law that the bare allegation in the complaint that the defendant has been guilty of fraud in the transaction on which the action is founded is insufficient as a pleading. The facts on which the conclusion of fraud may be based must be alleged. (See 12 Cal. Jur., p. 800 et seq., and cases cited.)

The case of *Hick* v. *Thomas*, 90 Cal. 289 [27 Pac. 208, 376], was an action to set aside a conveyance of property on the ground of fraud and duress. From a judgment in favor of plaintiff, defendant appealed. Among his contentions was one that the findings were insufficient in that they did not specifically state that the representations made by defendant were false. With reference thereto the syllabus states the law as follows: "A finding of facts inconsistent with and contradictory of the representations made sufficiently shows that the representations were false, without a specific finding thereon."

In the case of *Bates* v. *United Construction Co.*, 81 Cal. App. 295 [253 Pac. 328], a question somewhat similar to that here under consideration was involved in that the appellant there contended that as the action was one "for the recovery of money as return of consideration in an action for rescission," the failure of the judgment in so many words to recite that a rescission was adjudged rendered the judgment of no validity. The following statement of the law affecting the particular point appears in the syllabus: "In such action it cannot be said that the judgment was invalid for the reason that there was no conclusion of law stating that a rescission had been effected, where it was apparent that the facts found and the judgment rendered thereon amounted to nothing other than that the contract was extinguished or rescinded."

[3] It therefore is manifest that the facts are what is of paramount importance and upon which the judgment must ultimately rest. The legal conclusion following from the facts that fraud has been practiced upon the plaintiff either may or may not be tenable, dependent entirely upon what is *actually* shown by the findings of fact. The facts being established by the findings, if as a matter of law they show

that the defendant has been guilty of fraud in the premises, it is a matter of no consequence either that they have been misnamed or that they have received no label whatsoever.

Assuming that which seems to be conceded by appellants, to wit, that aside from the conclusion of fraud the findings made by the court were sufficient to support the said second order, it follows that the judgment should be affirmed. It is so ordered.

Conrey, P. J., concurred.

York, J., being disqualified, took no part in the foregoing decision.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 25, 1927.