ROBERT R. PASHLEY, etc., Appellant, v. JOSE WUKE-JEVICH, Respondent.

C. Ibeson Sweet for Appellant.

D. A. Knapp for Respondent.

CRAIG, Acting P. J.—The appellant instituted this action for the recovery of the purchase price of an automobile which he had sold to the respondent, basing the suit upon a written contract. This respondent contended was obtained by fraud, coercion and misrepresentation.

The contract specified one used Chevrolet touring car, for which the purchaser was to pay a stated amount in monthly installments. It recited that the personal property had been examined, and was "in good order and repair, and said purchaser further agrees that he will, at his own expense, during the life of this contract, repair any injuries sustained by said personal property . . . ; all bills for repairs done upon, and labor and materials furnished by the seller . . . before the final payment . . . shall be added to the purchase price," and that the car was "sold as is." It was respondent's contention that he was unable to read or write, that the contract was not read to him, and that the machine was guaranteed for a period of thirty days. It appears that he was accompanied to appellant's place of

business by one Bradovich, who witnessed his signature, made by "his [X] mark"; that the machine was of no practical value, and when returned was held by appellant upon charges for repairs until a second installment became due, when the whole purchase price was demanded. ▉
The trial court found that the document in suit was void, in that it did not represent the agreement upon which the purchase was made; that appellant had agreed to furnish a first-class automobile, and to keep it in repair during the first month.

There is a sharp conflict in the evidence. But it is argued that, conceding the truth of respondent's evidence, all oral statements and representations, if made, were merged in the writing. It is insisted by respondent that the defense, rather than attempting to vary the terms of a written contract, proved the true one which was entirely different from that upon which the suit was founded. Resolving all intendments in favor of the judgment, we are confronted with certain positive evidence, which must be accepted by this court as it was viewed below. The testimony tends to show that Pashley expressly stated the machine to be "first class," "in perfect mechanical condition," and agreed that "if anything was wrong with the machine to return it"; that it was "all right; guaranteed for thirty days," and that he "would repair it for thirty days." Respondent knew nothing about an automobile, nor could he operate one. It was not demonstrated before the purchaser made the first payment, and his companion drove it to his home. The plaintiff testified that a form of contract was prepared, and further: "I said, 'You can't write at all?' He said 'No.' I said, 'Can you read?' I asked the other man, 'Can you read?' He says, 'Yes.' I handed him one of the copies. I took the original up and started to read to Joe, and Joe says, 'Oh, I have signed a lot of those already, forget all about it. You'll get your money.' I said, 'Listen here before you go any further, if you don't make your payments there will be a collector sent out to you and that costs money, and if you don't come through with the deal it is going to cost you $100 attorney's fees.' And he said, 'All right,' and put his mark and the other man witnessed his mark." There is evidence that the car was not in serviceable condition at any time, though repeated

attempts were made to operate it. It made "all kinds of noises and knocks," was returned for adjustment three days after the sale; it "did not work the first day, . . . right from the start," it "was going sideways," and "became worse and worse all the time." When driven it would run but ten miles an hour, "something was wrong with it," it stopped at times, and they had difficulty in getting home. Within ten days it was again returned for repairs and adjustment, and the defendant swore that when he called for the car he was told there were charges for the work, to which he remarked: " 'Why charge $37 to fix the machine when they say no charge for thirty days?' Pashley said got to pay or get out of the place. I went home."

From this and other evidence which we do not recite, the trial court concluded that the defendant was in ignorance of the terms of the contract; that he acted entirely upon the plaintiff's statements, representations and asserted guarantee, and placed his mark upon the instrument only when threatened with expensive litigation if he did not "come through with the deal,"—in brief, that there was no meeting of the minds. The only point urged by appellant is that the evidence offered by respondent was contradicted, and that had there in fact been understandings and oral agreements the written contract expressly excluded them. However, it lay exclusively within the province of the trial court to accept or reject testimony, to determine the credibility of witnesses, and to pass upon the weight of conflicting evidence. (*Stransky* v. *Callen*, 81 Cal. App. 476 [253 Pac. 960] ; *People* v. *Marblehead Land Co.*, 82 Cal. App. 289 [255 Pac. 553].) Where there is substantial evidence tending to show that untrue statements were made, and that they were acted upon in good faith to the detriment of a person so deceived, the judgment will not be disturbed. (*Bates* v. *United Construction Co.*, 81 Cal. App. 295 [253 Pac. 328].) There is some evidence to the effect that appellant offered to guarantee the car for thirty days if sold at a higher price than that mentioned in the contract, and that a reduction was made in order to consummate the sale of the machine "as is." The court, however, was not bound by every declaration of the plaintiff, regardless of its improbability (*Zibbell* v. *Southern Pac. Co.*, 160 Cal. 237 [116 Pac. 513]), and it may well have

construed this as an admission of defective mechanism. With the witnesses before the court, it was equipped with facilities for determining as to whether or not the defendant had bargained at any price for an article which could not be operated until even the second monthly installment became due. Reversible error does not appear.

The judgment is affirmed.

Thompson (Ira F.), J., and Burnell, J., *pro tem.*, concurred.

